## ADAMS v HASKELL & WOODS.

An order, committing a party for contempt, and ordering that he be imprisoned until he comply with a previous order commanding him to pay into Court a certain sum of money, is an excess of jurisdiction, and void, where the party had made affidavit, which was uncontradicted, that the money had passed from his possession and control before the proceedings in contempt were commenced.

Though Courts are exclusive judges of their own contempts, still, a party cannot be imprisoned for neglecting or refusing to do what, it appears, it is out of his power to perform.

CERTIORARI to the District Court of the Fourth Judicial District.

The alleged excess of jurisdiction, upon which this writ was sued out, was an order made in the Court below, committing A. A. Cohen for contempt in refusing to pay over the sum of ten thousand dollars to Henry M. Naglee, (the receiver appointed by the Court in this action,) in compliance with a previous order to that effect, directed to Richard Roman, Edward Jones, and A. A. Cohen, former custodians of the fund, as assignees in insolvency of Adams & Co.

Against the granting of the first order, Cohen showed cause for retaining the sum of ten thousand dollars for commissions, disbursements, etc.; but was ordered by the Court to pay over the sum, and present his accounts to be audited. Against the issuance of the commitment, commanding his imprisonment until he paid over the money to Naglee, Cohen·filed his affidavit, that before the proceedings in contempt had commenced, the ten thousand dollars, which he was ordered to pay over, had passed from his possession and control, and that he had complied, as fully as was in his power, with the order of the Court. This affidavit is not contradicted. The Court below refusing to discharge Cohen from arrest, the writ of *certiorari* was sued out by Cohen.

*Hoge & Wilson* for petitioner.

It must appear upon the face of the judgment of conviction, and the Court must find as a fact, that it is still in the power of the party to comply with the order of the Court. In this case, there is no such finding. No such fact appears, and we have shown by the examination and oath of Cohen, that the contrary is the truth. Compiled Laws, 606, § 489; Wilson *et al. v.* Roach *et al.,* 4 Cal, 365–7.

At the Common Law, the practice in cases of contempt is perfectly

well settled. If the party, by his affidavit and answer on oath to inter-rogatories proposed by the District Attorney, discharges himself of the contempt, no further proceedings can be had against him on the attach-ment. Collateral evidence cannot be received for the purpose of im-peaching the testimony of the accused. His answers are conclusive, and no proofs and affidavits can be introduced in opposition to them. A prosecution for perjury is the only remedy, if he answers falsely. United States v. Dodge, 2 Gallison, 312; Murdock's case, 2 Bland's Ch., 486, 487; Hollingsworth v. Duane, Wallace R., 78; United States v. Duane, ib., 102.

In Murdock's case, the Court says : " If the party attached makes a full and frank answer to all the facts, and positively denies or justifies all that is alleged against him, he must be at once discharged, as hav-ing entirely acquitted himself of the contempt imputed to him. I know of no instance in this Court, in which proofs and affidavits have been allowed to be introduced in opposition to the answers of the accused."

In Hollingsworth v. Duane, the Court says : " If the party on his oath, give such answers as purge him from criminality, he must be dis-charged, and the prosecution falls to the ground."

And again in Duane's case, the Court says : " If the party by his an-swer under oath, clears himself of the contempt, it would be received as the truth, and he would be discharged from all further proceedings."

The four hundred and eighty-seventh section of our statute in rela-tion to contempts, allowing the Court, when instigating or adjudicating upon the commission of the original offence, to examine witnesses for or against the accused, has no application to this proceeding after con-viction. The Common Law practice, except so far as void by statute, is still in force, and clearly governs this case.

*Shafter & Park*, contra.
1. Certiorari will not lie.

It lies only where there has been an excess of jurisdiction; and here it cannot be denied but that the Court had full jurisdiction of the subject matter presented by the motion, and of the parties also.

Practice Act, § 456. "The writ shall be granted in all cases when an inferior tribunal has exceeded its jurisdiction and there is no ap-peal, nor in the judgment of the Court, any plain, speedy, and adequate remedy."

§ 463. " The review upon the writ shall not be extended further than to determine whether the inferior tribunal has regularly pursued the authority of such tribunal."

Here, at the worst, there was error merely, it being manifest there was no usurpation, and for that appeal is the only appropriate mode of re-dress.

21

· That was the mode adopted in Lucas, Turner & Co. *v.* Allen, April Term, 1855.

2. But there was not only no usurpation, but the record discloses no error.

They may say, however, that it appears by Cohen's affidavit, p. 23, that he has not got the $10,000 in his possession, and is unable to pay over.

It is a matter of no moment whether he has the specific $10,000 received by him or not.

If he has parted with the specific coin, the question arises, was he presently unable to replace it?

That he does not pretend, and the Court was, therefore, at liberty to assume that he was laboring under no such inability.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice TERRY concurred.

In this case, the Court exceeded its jurisdiction in ordering the party to be imprisoned until he paid into Court certain moneys, paid to him for fees, and disbursements made by him.

The affidavit of the party is uncontradicted, and shows that he has complied, as far as it is possible, with the order of the Court, and that it is not in his power to comply further. This is a sufficient expurgation, and the order directing his imprisonment was, under these circumstances, an excess of jurisdiction, and void.

While we admit, that Courts are the exclusive judges of their own contempts, still, by our statute, a party cannot be imprisoned for neglecting or refusing to perform an act, where it appears that it is not in his power to perform the same. See Lucas, Turner & Co. *v.* Allen, April T., 1855.

Order reversed.