[No. 10,715—Department Two.]

## EX PARTE E. M. COTTRELL.

CONTEMPT—ORDER TO SHOW CAUSE—ATTACHMENT.—A proceeding for contempt of Court may either be by order to show cause or by attachment.

ID.—JURISDICTION—DISOBEDIENCE OF ORDER—SERVICE OF ORDER—DEMAND.—Upon an application to be discharged from imprisonment for an alleged contempt of Court in disobeying its order to pay alimony, it was alleged in the petition, and not denied in the return, that the order which the petitioner was charged with having disobeyed was not served upon him, nor was any demand made upon him to comply with it before he was attached.

*Held:* Proof of a technical service of the order, and of a demand that it be complied with, would doubtless establish a case of disobedience unless the person upon whom the demand was made was unable to comply with it. But it by no means follows that a disobedience of the order might not be shown without proof of such formal service or demand. The question whether the order had been disobeyed was one of fact, which the Court making the order had to determine, and that determination can not be reviewed in this proceeding.

ID.—ID.—ID.—ABILITY OF OBEY ORDER.—Upon the same principle the petitioner can not be discharged on the ground that he testified to his inability to comply with the order. The question whether it was in his power to obey it was one of fact, which the Court making the order had to determine.

ID.—ID.—ID.—ID.—CASE DISTINGUISHED.—In *Ex parte Cohen*, 6 Cal. 318, the order of commitment did not (as in this case) contain a recital that it was in the power of the petitioner to have complied with the order.

ID.—HABEAS CORPUS.—The writ of *habeas corpus* was not framed to retry issues of fact, or to review the proceedings of a legal trial.

APPLICATION for discharge upon writ of *habeas corpus*.

No briefs on file.

The COURT:

Some of the questions discussed in this case were considered in *Ex parte Cottrell*, reported *supra*. The contempt proceeding in this case is based upon an alleged disobedience of

the same order that the petitioner was committed for disobeying in that case.   In the earlier case the petitioner was cited to appear by an order to show cause, and in the later he was brought before the Court by an attachment.   The Code authorizes either mode.   (C. C. P., § 1212.)

In the case now before us it is alleged in the petition, and not denied in the return, that the order which the petitioner is charged with having disobeyed was not served upon him, nor was any demand made upon him to comply with it, before he was attached; and he claims that for this reason the Court had not jurisdiction to proceed in the matter, and that the proceedings had were without or in excess of its jurisdiction.

Conceding that this is a special proceeding under the Code, it can not fairly be claimed that the Court, in order to acquire jurisdiction, was bound to take any other steps than those prescribed by the Code.   And the Code makes " disobedience of any lawful judgment, order, or process of the Court" a contempt of its authority, and provides in what manner a person guilty of such disobedience may be proceeded against. It does not make a service of the judgment or order disobeyed, or a demand upon the person who was bound to obey it, to do so, a condition precedent to the issuing of an attachment against him for disobeying it.

Proof of a technical service of the order, and of a demand that it be complied with, would doubtless establish a case of disobedience, unless the person upon whom the demand was made was unable to comply with it.   But it by no means follows that a disobedience of the order might not be shown without proof of such formal service or demand.   The question whether the order had been disobeyed, was one of fact which the Court making the order had to determine, and that determination can not be reviewed in this proceeding.   " We do not sit as an appellate court upon matters of this sort, but as a court of original jurisdiction, invested with a special jurisdiction to discharge the petitioner when no legal cause of detention exists against him." (*Ex parte Perkins*, 18 Cal. 60.)

Upon the same principle we can not discharge the petitioner, on the ground that he testified to his inability to com-

ply with the order he is charged with having disobeyed. If
he could not obey it, he should not be punished for not obey-
ing it. But the question whether it was in his power to obey
it was one of fact, which the Court making the order had to
determine, and we are not aware of any law which makes
the statement of a party under oath that he is unable to com-
ply with such an order absolutely conclusive. The Court
may, nevertheless, have good and sufficient reasons for disbe-
lieving his statement. In this case we could not determine
that question without reviewing all the evidence introduced
upon the hearing before the Superior Court, and that we are
not authorized to do in this proceeding.

In *Ex parte Cohen*, 6 Cal. 318, the order of commitment
did not contain a recital that it was in the power of Cohen
to have complied with the order which he had disobeyed. The
order of commitment in this case does recite that it was in
the power of the petitioner to have obeyed the order which
he had disobeyed. Without reviewing the evidence we could
not determine whether that recital is true or not, and, as be-
fore stated, we can not review the evidence.

If the return to a writ of *habeas corpus* shows upon its
face, that the party in whose behalf the writ issued is ille-
gally detained, he must be discharged. But if it shows that
he is legally detained, he may deny or controvert any of the
material matters set forth in it, and allege any fact to show
that his detention is unlawful, or that he is entitled to a dis-
charge. In case he does so, he may introduce evidence to
prove any issue which he thus raises. (Penal Code, § 1484.)
This shows very clearly, that the jurisdiction of any Court or
Judge in *habeas corpus* is original, and not appellate.

A prisoner upon *habeas corpus* may be discharged: 1. If
the return does not show that he is legally imprisoned; 2. If
he shows that the return, in some material matter, is false;
3. If he has been committed upon a criminal charge without
reasonable or probable cause. In the latter case the Court,
upon *habeas corpus*, will look into the depositions for the pur-
pose of ascertaining the fact. (*People* v. *Smith*, 1 Cal. 9.)
But the writ of *habeas corpus* was not framed to re-try issues
of fact, or to review the proceedings of a legal trial. (*Ex
parte Bird*, 19 Cal. 131.)

The petitioner in this case has been tried upon a charge of contempt, and found guilty by a Court of competent jurisdiction. It is quite clear that we can not, in this proceeding, review the findings of that Court upon the question of his disobedience of its order, or of his ability to comply with that order.

Petitioner remanded.