UNITED STATES ex rel. INTERSTATE COMMERCE COMMISSION v. SEABOARD RY. CO. OF ALABAMA.

(Circuit Court, S. D. Alabama. March 9, 1898.)

MANDAMUS—MOTION TO COMMIT.

> Where a writ of mandamus, commanding a railway company to make out its annual report, is served on the secretary and treasurer, who shows that he has not possession of the books necessary to enable him to make out the report, and that he has resigned, and is no longer connected with the railroad, a motion to commit for contempt is denied.

On motion of complainants for a rule on Robert Middleton, formerly secretary and treasurer of said railway company, to show cause why he should not be committed for failure to obey the writ of mandamus issued in the cause. For the opinion rendered on the merits, see 82 Fed. 563.

Morris D. Wickersham, for the United States.

Saffold Berney, for respondent.

TOULMIN, District Judge. When the writ of mandamus is against a private corporation, according to the common law, it should be served on the head officer of the company, or upon the select body within the corporation whose province it is to put in motion the machinery necessary to secure performance of the duty commanded, or upon that superior officer who would be expected to carry out a general order of the governing body of the corporation for the doing of the thing enjoined by the writ. Merrill, Mand. § 237. The mode of service of the writ is regulated by statute. The writ in this case was directed to the Seaboard Railway Company, but it was served on Robert Middleton, secretary and treasurer of the company.

Mandamus will not lie to one having no duty in the premises, or who has gone out of office. It does not lie to compel a party to do an official act when he is functus officio, and the act is not within his power. Respondent, Middleton, in his answer to the rule, says:

> "Respondent denies that he has declined or refused to make out and file such report, and says that he has not complied with the said writ of mandamus solely because it is out of his power to do so. for the reason that he is not in possession of, nor has he access to, the data and information absolutely necessary to enable him to make out such report. Respondent further says that it is true that for a number of years, and up to the date of his resignation, on July 6, 1897, he was the secretary and treasurer of said railway company, but that he was only nominally such secretary and treasurer, and that his sole duties in connection with said railway company were those of local financial agent of said railway

company resident in the state of Alabama, and confined almost exclusively to the making and negotiating drafts upon the New York office of said railway company, for the purpose of obtaining moneys to be used in paying the operating and other expenses of said railway company, and in disbursing said moneys in paying such expenses, and that, in fact, he was simply the financial agent of said railway company, resident in Alabama. Respondent further states that the only books and papers of the company which have ever been in the custody or control of respondent, or which were at any time kept or in use by him, are the draft books and check books and voucher books of said company; that all the other books and papers of the company have always been kept in New York City, at the company's office, in said city; and respondent does not know where said books and papers are at the present time, but he is informed and believes, and so states, that at present, and for some time past, such books and papers are and have been in New York City, in the possession of the courts there; and respondent affirms that he has never had any control over them, nor power to get them into his possession, and that it is only from such books and papers that the necessary data and information for making out such annual report can be obtained; hence his inability to make out such report. Respondent further states that said books and papers were not sent to New York, nor are they kept there, by any procurement or design on the part of respondent to avoid making out and filing such annual report, but that such books and papers were kept in New York City solely for the convenience of said railway company in the administration of its general business. Respondent further says that it was not a part of his required duties, as secretary and treasurer of said railway company, to make out and file with the interstate commerce commission the annual reports of said Seaboard Railway Company, and that he has never made out or filed with such commission any such report; and respondent states, on information and belief, that such reports were always made out in New York City, under the supervision and direction of Mr. H. D. Haven, the president of said company, who resided in New York City. Respondent further states that on July 6, 1897, he tendered to Mr. H. D. Haven, the then president of the said Seaboard Railway Company, his resignation as secretary and treasurer of said railway company, and that said resignation was accepted by Mr. Haven, as such president, and that since July 6, 1897, respondent has ceased to be the secretary and treasurer of, or to be in any way connected with, the said Seaboard Railway Company."

This answer is under oath. It is not traversed, and the facts pleaded therein are not denied. They must be taken as true by the court.

An attachment for not making return as ordered by a mandamus will be refused if the party, without fault on his part, has not the power to do the act desired. Merrill, Mand. § 298.

The respondent is at liberty to show any excuse he may have for disobedience to the writ on the hearing for a motion to show cause why an attachment should not issue. If the excuse is sufficient in the eyes of the court, the writ of attachment will not issue. "The law never seeks to command the impossible, and it has always been held by the courts of this country, as well as by those of England, that 'impossibility of obedience' is a good and sufficient return to a writ of mandamus." President v. Mayor, etc., 40 Fed. 799–801; State v. Dunn, Minor (Ala.) 46.

The motion to commit as for contempt the respondent, Robert Middleton, late secretary and treasurer of the Seaboard Railway Company, the respondent in the mandamus proceeding, is denied.