[Crim. No. 1232. In Chambers of Chief Justice.—January 31, 1905.]

## Ex Parte E. H. HOAR, upon Habeas Corpus.

CONTEMPT—REFUSAL TO ANSWER INTERROGATORIES—ORDER NOT SHOW-ING JURISDICTION—HABEAS CORPUS.—An order ajudging a district attorney in contempt of court for refusal "to answer certain interrogatories after having been ordered to do so by the court," and committing him for contempt "until he shall answer said interrogatories," is wholly insufficient to show jurisdiction to make the order, and he will be discharged from custody upon *habeas corpus.*

ID.—SPECIAL JURISDICTION IN CASES OF CONTEMPT—AUTHORITY TO BE SHOWN BY RECORD.—In cases of contempt every court exercises a special and limited jursidiction, and the authority to impose a fine or term of imprisonment must be shown by the record of conviction.

ID.—OFFICIAL NOTES OF REPORTER NOT PART OF RECORD.—The official reporter's notes of the proceedings leading up to the order are no part of the record.

APPLICATION by E. H. Hoar, District Attorney of Merced County, to the Chief Justice of the Supreme Court for discharge upon writ of *habeas corpus* from custody of the sheriff under an order of the Superior Court of Merced County adjudging him guilty of contempt. E. N. Rector, Judge.

The facts are stated in the opinion of the chief justice.

J. K. Law, and F. W. Henderson, for Petitioner.

Frank H. Farrar, and F. G. Ostrander, for Respondent.

BEATTY, C. J.—On petition of E. H. Hoar, alleging that he was unlawfully imprisoned by the sheriff of Merced County, a writ of *habeas corpus* was issued and has been duly served and returned. Both by the petition and the return an attempt has been made to raise questions of some importance relating to the procedure in criminal cases, and to those questions the argument of counsel has been mainly directed. The case, however, does not call for a decision or any discussion of those questions, for it is clear upon the face of the sheriff's return that whichever contention might be sustained it would equally follow that the prisoner must be discharged.

The only authority for his detention is a certified copy of the following order:—

"Minutes of the Superior Court. Merced County. Tuesday, Jan. 24th, 1905. Present: Hon. E. N. Rector, Judge.

"The People of the State of California v. F. A. Robinson.

"The defendant and respective counsel return into court.

"E. H. Hoar, district attorney, is sworn and examined as a witness for the defense, but refuses to answer certain interrogatories after being ordered to do so by the court, and he is again adjudged to be in contempt of court, and the court orders that he be committed to the county jail until he shall answer said interrogatories."

In cases of contempt every court exercises a special and limited jurisdiction, and its authority to impose a fine or term of imprisonment must be shown by the record of conviction. (Code Civ. Proc., sec. 1211; *Overend* v. *Superior Court,* 131 Cal. 284, and cases cited.)

This order is wholly insufficient to show jurisdiction, and the official reporter's notes of the proceedings leading up to the order are no part of the record.

The petitioner is discharged.