[Civ. No. 384.    Third Appellate District.—August 5, 1907.]

W. D. EGILBERT, Petitioner, v. SUPERIOR COURT OF SHASTA COUNTY, GEO. W. BUSH, Judge, Respondent.

CONTEMPT—DISOBEDIENCE TO WRIT OF MANDATE—DELIVERY OF BOOKS OF CORPORATION—INABILITY TO COMPLY—WANT OF JURISDICTION—CERTIORARI.—Where a writ of mandate was issued by the superior court to the secretary of a corporation commanding him to permit the petitioner therefor to inspect all of its books, and he was cited for contempt for noncompliance with the writ, he had the right to show in answer thereto his inability to comply with the order, as not having control of its books, for the reason that his resignation as secretary had been accepted by the corporation, and another appointed, before the mandate was served, and that such inability was not brought about through any design or purpose to evade the order of the court, and upon said showing the court was without jurisdiction to punish him for contempt, and the judgment adjudging him guilty thereof will be annulled upon writ of review.

PETITION for writ of review to annul a judgment of the Superior Court of Shasta County, adjudging petitioner guilty of contempt. Geo. W. Bush, Judge.

The facts are stated in the opinion of the court.

Geo. O. Perry, and C. H. Braynard, for Petitioner.

T. W. H. Shanahan, for Respondent.

CHIPMAN, P. J.—The petition shows: That on April 10, 1907, a petition for a writ of mandate was filed in defendant court, and thereafter, to wit, on May 22, 1907, a peremptory writ was issued out of said court, directed to affiant, as secretary of the Pacific Power Company, commanding affiant "as such Secretary immediately after the receipt of said writ to permit one T. W. H. Shanahan, at whose instance and in whose behalf said peremptory writ of mandate was granted, to inspect all of the books . . . of the Pacific Power Company"; that said peremptory writ was served on affiant on May 25, 1907; that prior to May 18, 1907, affiant was secretary of said company, but resigned as such secretary, and his resignation was accepted on said May 18th, and at no time thereafter was he such secretary or in possession of or had control of said books. It next appears that on the —— day of June, 1907, said Shanahan made and filed in said court an affidavit setting forth in substance the foregoing facts; that he had made demand for the production and inspection of said books by virtue of said writ after service thereof on petitioner herein, but was not furnished access to or allowed to inspect said books, and that the said Shanahan prayed for an order of court requiring said Egilbert to show cause before said court on June 14, 1907, why he should not be punished for contempt of said court for failing and refusing to obey said writ; that affiant (petitioner herein) thereupon made and filed his affidavit in said court setting forth the fact of his resignation as such secretary and the acceptance thereof on May 18, 1907, and that since said day he had not had the custody or control of said books and "that at the time of the service of said writ of mandate and demand and at all times thereafter, said affiant W. D. Egilbert was unable to produce or submit for inspection said books"; that on said June 14, 1907, affiant appeared in response to said order of said court and a hearing was had and evidence introduced in relation thereto; that at said hearing said Egilbert offered to produce evidence that his resignation as such secretary "was made without any intent or effort on his part to evade

or render null or of no effect the order of said Superior Court, but said Superior Court thereupon refused to receive or admit such evidence''; that the fact that said Egilbert did not have the care or custody of said books was not controverted at said hearing; that the said court made findings in said proceeding and found that said Egilbert resigned from his said office on May 18, 1907, and it was not found or determined that he so resigned for the purpose of evading any order of the court or that he did not resign in good faith; that petitioner was adjudged to be guilty of contempt and as punishment was fined in the sum of two hundred dollars and in default of payment to be imprisoned one day for each two dollars thereof.

Most of the allegations of the petition are admitted. It is admitted in the return of the judge that Egilbert resigned on May 18, 1907, but it avers want of knowledge as to the acceptance thereof, and on information and belief denies that it was accepted; avers want of knowledge as to the allegation in the petition that Egilbert was not the secretary of the said company at the said date or in possession of certain of said books, and therefore denies said allegation; admits that Egilbert filed his affidavit in said contempt proceedings, setting forth the facts as above shown by him and admits that at the hearing he offered to prove that he acted in good faith in resigning and through no purpose to evade any order of the said court, and admits that the evidence that Egilbert was not secretary and did not have the care or control or custody of said books was not controverted. It further appears from the return of respondent that the petition for a writ of mandate was filed April 10, 1907; that an alternative writ was duly issued on that day, returnable April 17, 1907; that Egilbert made answer April 22, 1907, and admitted that he ''was and now is'' such secretary; that issues being joined, the cause was set for trial for May 20, 1907, and was then tried and judgment rendered in favor of petitioner, among other things, that at all times mentioned in the petition for writ of mandate, said Egilbert was and now is such secretary; that a peremptory writ was thereupon, on May 22, 1907, duly issued; was served on Egilbert on May 25, 1907, and that he failed and neglected to obey its directions, and that thereupon said proceedings in contempt were commenced; that at the hearing of the contempt pro-

ceedings the court determined that said Egilbert was secretary when the alternative writ was issued in April, but that he resigned on May 18th; that the cause was heard on May 20th; "that he failed and neglected either before or at the trial of said case to notify the court of his resignation, and allowed the court to proceed to judgment under the impression that he was Secretary of the said Pacific Power Company; that at all times during said proceedings and up to the time of the present contempt proceedings he was a Director of said Corporation; that as such Director he had actual knowledge that the judgment had been rendered against him as Secretary of said Corporation; that on the 25th day of May, 1907, he was duly served with copy of the peremptory writ of Mandate, the refusal to obey which resulted in the contempt proceedings."

Reduced to the simplest statement, the material facts were: That in April, Egilbert answered the petition for a writ of mandate, stating that he was then, April 22, 1907, the secretary of the company; that the cause was, on the issues then joined, set for trial May 20, 1907; that on May 18th he had resigned and thenceforward ceased to be secretary or to have control of the books of the company; that on May 25th, when the writ was served he was not the secretary and could not comply with the order; that his resignation was not for the purpose of evading the order of the court.

At the hearing on May 20th, the issue was the same as when Egilbert filed his answer, namely, that he was then—April 22d—the secretary of the company. If he continued to be such secretary until the hearing, May 20th, the fact should have been proven, or, if he resigned contumaciously to evade the operation of any writ that might be issued, that fact should have been shown. But the court conceded that the resignation had no such object in view, by eliminating all evidence on that point, and it not only did not find that Egilbert was secretary on May 20th, but did find that he had resigned on May 18th. The fact that Egilbert withheld from the court the fact of his resignation on May 20th, and allowed the court to grant the writ under the impression that Egilbert was then the secretary, is not the ground on which the contempt judgment was based; that judgment rested on his failure and refusal to produce the books of the company.

6 Cal. App.—13

Respondent did not appear at the hearing here and has filed no brief of points and authorities.

It clearly appears, and is not controverted, that it was beyond the power of petitioner to comply with the order when the peremptory writ of mandate issued and when it was served upon him, and that his inability to comply was not brought about through any design or purpose to evade the order of the court. Upon this state of facts the court was without jurisdiction to punish him for contempt. (*Adams v. Haskell & Woods,* 6 Cal. 316, [65 Am. Dec. 517]; *Ex parte Cohn,* 6 Cal. 319, [cited in *Ex parte Cottrell,* 59 Cal. 420]; *Ex parte Todd,* 119 Cal. 57, [50 Pac. 1071]; *In re Cowden,* 139 Cal. 244, [73 Pac. 156].)

Petitioner could show his resignation and that he was no longer in control of the company's books as an answer to contempt proceedings for noncompliance with the writ of *mandamus.* (*United States v. Seaboard R. C.,* 85 Fed. 955.)

The supreme court said in *Ex parte Hoar,* 146 Cal. 132, [79 Pac. 853]: "In cases of contempt every court exercises a special and limited jurisdiction, and its authority to impose a fine or term of imprisonment must be shown by the record of conviction." (Citing *Overend v. Superior Court,* 131 Cal. 280, [63 Pac. 372].)

The judgment adjudging petitioner guilty of contempt and imposing punishment therefor is hereby vacated and declared to be null and void.

Hart, J., and Burnett, J., concurred.