[Civ. No. 5167.   Fourth Dist.   Sept. 21, 1955.]

REUBEN T. NELSON, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA LOCAL 229, Real Party in Interest.

Hill, Farrer & Burrill and Ray L. Johnson, Jr., for Petitioner.

Walter Wencke for Respondent and Real Party in Interest.

GRIFFIN, Acting P. J.—The order arose out of an action commenced in the superior court by plaintiffs Amalgamated Meat Cutters and Butcher Workmen of North America Local 229, against defendant and petitioner Reuben T. Nelson, doing business as Nelson's Market, wherein plaintiffs sought specific performance of a collective bargaining agreement signed by

defendant, and damages for its claimed breach. The complaint was amended after attack and finally on June 23, 1955, defendant answered. On July 1, 1955, a subpoena duces tecum *re* deposition, was obtained by plaintiffs in which defendant was ordered to appear for this purpose on July 9th. A motion to quash the subpoena was made. On the same day petitioner received notice of trial for August 2d, 1954. On July 14, the motion to quash was granted as to the production of books but denied insofar as it pertained to the taking of oral testimony. On that day petitioner refused to answer further questions on the ground that the first amended complaint did not state a cause of action. On July 16th plaintiffs served on defendant-petitioner an order to show cause why he should not be punished for contempt. On July 28th the judge vacated the order to show cause and ruled that petitioner was not in contempt. A second amended complaint was filed the next morning by consent of the court and the judge orally ordered the defendant, without other notice, to return at that time for the purpose of taking his deposition. Petitioner then was ordered to be sworn and take the witness stand for the purpose of taking his deposition.

It was the contention of counsel for petitioner that the second amended complaint did not state a cause of action; that the contract referred to was not attached thereto nor made a part thereof; that he had no opportunity to answer the new issues raised; and accordingly advised defendant, after answering a few questions, to refrain from answering any further questions based thereon. The judge found petitioner-defendant guilty of contempt, orally ordered him to jail, and granted a stay of execution pending the outcome of this writ.

The main contention here raised is the question of the jurisdiction of the court and the sufficiency of this order. The argument is that the order of commitment does not recite the precise questions propounded which defendant-petitioner declined to answer nor did it set forth any facts showing the materiality and pertinency of the questions to the issues before the court.

Without deciding the sufficiency of the second amended complaint to state a cause of action or the sufficiency of notice *re* deposition, it is apparent from the authorities cited that no valid order of contempt and commitment was issued.

So far as the reporter's notes before us are concerned, the only order of contempt made and commitment order issued

consisted of an oral statement of the court as reflected in the reporter's transcript that petitioner was found in contempt of court and committed "to the sheriff of this county and imprisoned until such time as he answers the questions propounded to him that he has refused to answer."

In *Ex parte Hoar*, 146 Cal. 132 [79 P. 853], it was held that the reporter's notes of the proceedings leading up to the order of contempt are no part of the record; that in cases of contempt every court exercises a special and limited jurisdiction; and its authority to impose a fine or term of imprisonment must be shown by the record of conviction. In that case, as appeared from the minutes of the court, the district attorney was called as a witness for the defense and refused to answer certain questions. After being ordered to do so by the court he was adjudged guilty of contempt and it was ordered that he be committed to the county jail until he answered "said interrogatories." No other order was issued. The court held that the order was insufficient to show jurisdiction and ordered the release of the witness under habeas corpus. See also *In re Wells*, 29 Cal.2d 200 [173 P.2d 811], where it was held that the requirement that an order adjudging a person guilty of contempt in the immediate view and presence of the court must recite the facts constituting the contempt (Code Civ. Proc., § 1211) is jurisdictional, and the order which assumes to punish summarily a direct contempt of court is void unless it shows on its face acts sufficient to constitute a legal contempt; and that an adjudication that a witness before the court is in contempt "for refusing to answer questions" is fatally defective where the exact questions are not recited. (See also *In re Battelle*, 207 Cal. 227 [277 P. 725, 65 A.L.R. 1497].) We see no distinction between those cases and the instant case.

Respondent claims that there is a distinction between "criminal contempts" and "civil contempts" and since this is a "civil contempt" the rules of "criminal contempt" are not applicable. *In re Morris*, 194 Cal. 63 [227 P. 914], disposes of this argument holding that they are to be investigated and punished in the same manner and in accordance with the same rules. Respondent further argues that by the transcript of the proceedings it is fairly shown that petitioner waived a recital in the contempt order of the questions and the necessary showing of their materiality to the issues by his conduct and in seeking a stay of execution by the trial court pending the outcome of this proceeding to test "jurisdiction." We see no merit to this claim. It is not clear what jurisdictional question

petitioner represented to the trial court he intended to raise or rely upon in this petition. It does not appear that he specially intended to waive this or any other jurisdictional question, assuming such jurisdictional question could be waived in any event.

Since the judgment of contempt and order of commitment issued thereon are void for failure to conform to the above requirements the other contentions of petitioner need not be here discussed.

Writ granted annulling the order.

Mussell, J., and Shell, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.