[No. 8,334.   Department One.—October 31, 1884.]

## H. F. BANGS, APPELLANT, v. J. P. DUNN, AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PUBLIC OFFICER—SALARY—ASSIGNMENT BEFORE DUE.—The assignment of his salary by a public officer before it becomes due, is contrary to public policy and void.

ID.—RIGHT OF PURCHASER FROM ASSIGNEE.—The deputies and copyists of a county clerk assigned their demands upon the treasury to him, who in turn assigned them to the petitioner, at a date prior to the time when the services had been rendered, or the salaries earned. *Held*, that the petitioner took part in a transaction contrary to public policy, and must be held to have knowingly contravened the law, and could not enforce payment of the assigned demands.

EXCEPTIONS—APPEAL—PRACTICE.—An order consolidating certain actions, and directing and providing for interventions, will not be reviewed on appeal, unless an exception to the order is taken in the court below.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Application for a mandamus to compel the auditor of the city and county of San Francisco to audit, allow, and approve certain demands held by petitioner, and to draw his warrant for the amount.

Various persons, deputies and copyists in the office of the county clerk of the city and county of San Francisco, previous to the month of July, 1881, assigned to Stuart, the county clerk, their several demands upon the treasury, for services to be rendered during that month. These demands were assigned by Stuart to the petitioner prior to July. The respondent refused to audit the demands. The other facts sufficiently appear in the opinion of the court.

*Sydney V. Smith & Son*, for Appellant.

McKINSTRY, J.—The respondents have not appeared, nor filed any points in this court.

1. Appellant contends that the English rule, which holds that an assignment by an official of his salary before it becomes due is contrary to public policy and void, has no application in the condition of things in this country. It was so held in *State Bank* v. *Hastings*, 15 Wis. 78. On the other hand, it was decided by the court of appeals of New York, that such an assignment was against public policy and void. (*Bliss* v. *Lawrence*, 58 N. Y. 442.) We think the conclusion of the New York court is sustained by the more satisfactory reasoning.

2. Each of certain deputies and copyists in the office of the clerk of the city and county of San Francisco (in the early part of the month of July, 1881, or before the commencement of that month), delivered to the clerk a writing purporting to be a *demand* upon the treasury of said city, for his compensation or salary as for said July, and having indorsed thereon the words "received payment," subscribed with the name of such deputy or copyist. The writing was immediately, and before the salary was due, delivered by the clerk to the petitioner for a valuable consideration.

It is contended by appellant that the defendant Dunn, the auditor, is estopped from setting up a want of authority on the part of the clerk (Stuart). That if Stuart committed a fraud upon his deputies and copyists by negotiating or assigning the demands, it was a fraud which they gave him the power and helped him to commit, and they should suffer who conferred on the clerk the ostensible authority to deal with the demands. But the plaintiff received the demands "in the early part of July," and before the respective salaries for that month were earned. He thus took part in a transaction contrary to public policy, and must be held to have knowingly contravened the law.

3. The orders of the court below consolidating certain actions, and directing or providing for interventions were irregular. (C. C. P., §§ 387, 1048.) But appellant did not except to the orders. Even if it should be conceded that the court below had

no jurisdiction to make the orders, appellant was not injured by them, if upon the findings he was not entitled to a judgment in his favor.

Judgment affirmed.

Ross, J., and McKee, J., concurred.