[Civ. No. 157. First Appellate District.—February 15, 1906.]

## LAURA E. ERKSON, Respondent, v. W. F. PARKER, Auditor of Santa Clara County, Appellant.

JUDGMENT—FILING TRANSCRIPT WITH AUDITOR—ABSTRACT OF JUDGMENT.—Under section 710 of the Code of Civil Procedure, providing that ''the duly authenticated transcript of a judgment for money, against a defendant, rendered by any court of this state, may be filed with . . . the auditor of any county . . . from which money is owing to the judgment debtor in such action, . . . whereupon it shall be the duty of such official . . . with whom such transcript shall have been filed to draw his warrant in favor of, or to pay into the court from the docket of which the transcript was taken, so much of the money . . . as will cancel said judgment,'' it is essential, in order to obtain the relief authorized by that section, that a certified copy of the judgment be filed with the auditor. The mere filing of an abstract of the judgment, in the form prescribed by sections 900 and 897 of that code, in order to secure a lien on real estate, is not sufficient.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

J. H. Campbell, C. C. Coolidge, and Cobb & Rea, for Appellant.

William M. Beggs, for Respondent.

HALL, J.—This is an appeal from a judgment directing defendant to draw his warrant in favor of John T. Wallace. justice of the peace, for the sum of $65.90, and also from an order denying defendant's motion for a new trial.

Although there is, as just stated, an appeal from the order denying defendant's motion for a new trial, the only questions discussed by appellant in his brief arise out of the appeal from the judgment, and appear in the judgment-roll without regard to the bill of exceptions. The facts, as set forth in the findings, are that one Martin Murphy was the *de facto* auditor of

Santa Clara county until and for many months prior to February 26, 1904, upon which date defendant was let into and took possession of the office in pursuance of the judgment of the supreme court of this state; that as such auditor the said Murphy earned as his salary for the portion of February for which he served, the sum of $280, which had not been paid him on March 4, 1904, nor had any warrant been drawn at that time therefor. On the fourteenth day of August, 1903, plaintiff obtained a judgment in the justice's court of San Jose township, of which J. T. Wallace was the justice, in the sum of $62.65, against said Murphy for board furnished him and his family, which has never been paid. That on the twentieth day of February, 1904, plaintiff filed with said Murphy, the then acting auditor of said county, an abstract of said judgment, accompanied with an affidavit of the amount then due on said judgment, and that she desired to avail herself of the provisions of section 710 of the Code of Civil Procedure. On the third day of March, 1904, said Murphy assigned and set over unto T. C. Hogan, G. Geoffrey, and William Osterman, to whom he then owed a total of $280, all his claim against said county for his salary, for the month of February, 1904, and his claim to his warrant for such salary, of which both the treasurer and auditor of said county had immediate notice. Thereafter, on the same day, plaintiff filed with defendant another abstract of her said judgment, and on the fourth day of March, 1904, filed a duly authenticated transcript of her said judgment against said Murphy, together with the required affidavit as to the amount due, etc., with defendant.

It is claimed by appellant that the judgment must be reversed for the reason that the filing of an abstract of a judgment with the county auditor does not entitle a judgment creditor to the benefit of section 710 of the Code of Civil Procedure, which requires the filing of a transcript of the judgment, and as no transcript of the judgment was filed until after Murphy, the judgment debtor, had assigned his claim against the county to his other creditors, plaintiff was entitled to nothing. On the other hand, respondent urges that the filing of an abstract of the judgment was a substantial compliance with section 710 of the Code of Civil Procedure. The section has been before the court in *Ruperich* v. *Baehr,* 142 Cal. 190, [75 Pac. 782], but in that case an authenticated transcript was filed, and, of course, no question arose as to the effect of filing

an abstract of a judgment. The section provides that ''The duly authenticated transcript of a judgment for money, against a defendant, rendered by any court of this state, may be filed with . . . the auditor of any county . . . from which money is owing to the judgment debtor in such action, . . . whereupon it shall be the duty of such official . . . with whom such transcript shall have been filed, to draw his warrant in favor of, or to pay into the court from the docket of which the transcript was taken, so much of the money . . . as will cancel said judgment.'' This section was enacted in 1903, and it in terms requires the filing of an authenticated transcript of the judgment, and in this regard differs from section 900 of the Code of Civil Procedure, which provides for the filing of an abstract of a judgment, in order to secure a lien on real estate, the form of which is prescribed by section 897 of the Code of Civil Procedure.

The old practice act (Stats. 1854, p. 69, c. 54), provided (section 599) that, by filing in the recorder's office a transcript of the judgment of a justice's court, certified by the justice, a lien was created on real estate of the judgment debtor. Under this act it was held in *Bagley* v. *Ward,* 27 Cal. 370, that a judgment rendered by a justice of the peace does not become a lien on the real estate of the judgment debtor until a copy of the judgment, certified by the justice, has been recorded in the office of the county recorder, and that the filing and recording of copies of certain docket entries which contained an abstract of the judgment was not sufficient. In this case it was said that a transcript of the judgment is a copy of the judgment. Subsequently, after the adoption of the codes, under which a lien may be created by the filing of an abstract of a judgment (Code Civ. Proc., sec. 900), it was held in *Frazier* v. *Crowell,* 52 Cal. 399, that an abstract of the judgment must be filed and recorded in order to create a lien, and that the filing and recording of a certified copy of the judgment did not comply with the statute. In this case it is said: ''A 'certified' copy is not an 'abstract,' and the statute makes the distinction, and prescribes the exact form in which the abstract is to be prepared.'' Certainly, if the recording of a certified copy (which is a transcript) is not a compliance with a law requiring the recording of an abstract, *a fortiori* the filing of an abstract is not a compliance with a law requiring the filing of an au-

thenticated transcript. At the time of the enactment of section 710 of the Code of Civil Procedure, both the term "abstract" and the term "transcript" were known to the law, and had been interpreted by the courts and distinguished one from the other, as the cases above cited show. We are therefore obliged to believe that when the legislature used the term "transcript" in section 710, it did so advisedly, and did not mean "abstract." The abstract relied on by respondent in this case is the abstract prescribed by sections 900 and 897 of the Code of Civil Procedure, and is not the transcript of the judgment required by section 710 of the Code of Civil Procedure.

For the foregoing reasons the judgment is reversed, and as no questions presented by the appeal from the order were argued, the appeal therefrom is dismissed.

Harrison, P. J., and Cooper, J., concurred.