[Civ. No. 442.   Third Appellate District.—August 15, 1908.]

JOHN WILKES and C. B. PEARSON, Copartners as
    WILKES & PEARSON, Respondents, v. GEORGE
    SIEVERS, as City Auditor of City of Stockton, Appel-
    lant.   In the Matter of the Application of Respondents
    for a Writ of Mandamus Against the Appellant in the
    Superior Court of San Joaquin County.

OFFICERS—GARNISHMENT OF SALARY OF POLICE CLERK—JUSTICE'S JUDG-
    MENT—VOID ASSIGNMENT—PRIOR WARRANT—MANDAMUS TO CITY
    AUDITOR.—*Mandamus* will lie to compel a city auditor to draw his
    warrant for money due for the monthly salary of a police clerk, in
    favor of a justice of the peace, in pursuance of a garnishment
    thereof under a judgment rendered against the police clerk in the
    justice's court for necessaries supplied to him, in pursuance of sec-
    tion 710 of the Code of Civil Procedure, notwithstanding a prior
    void assignment of such salary, and a prior warrant drawn there-
    for in favor of the assignee, in the absence of proof that the police
    clerk acted in good faith in making such assignment, and that the
    issued warrant had been paid.

ID.—VOID ASSIGNMENT OF MONTHLY SALARY NOT FULLY EARNED—
    SPLITTING NOT PERMISSIBLE.—An assignment of a monthly salary,
    which is payable on the first day of the following month, and which
    is not earned until the end of the last day of the preceding month,
    made a day or two before the end of the month, is void.   Such
    salary cannot be split by assignment of any part thereof before
    the whole is due; though it may be conceded that if the officer
    should resign or be dismissed before the end of the month, his sal-
    ary earned to that time may be assigned.

ID.—ASSIGNMENT OF UNEARNED SALARY AGAINST PUBLIC POLICY.—An
    assignment of an unearned salary of a public officer is against
    public policy, as impairing the efficiency of the public service, and
    is therefore void both in law and in equity.

ID.—MANDAMUS—POSSIBILITY OF SECOND WARRANT—PRIOR VOID WAR-
    RANT.—Although the writ of *mandamus* will not compel the per-
    formance of an impossible thing; yet a city auditor who has issued
    an outstanding warrant to an assignee, which is void, both the audi-
    tor and the assignee being chargeable with knowledge of its in-
    validity, the auditor cannot shield himself on the ground that the
    court will not compel him by *mandamus* to do the impossible thing
    of issuing a second warrant, because he has issued the prior warrant
    to the assignee.

ID.—REVIEW UPON APPEAL—PRESUMPTIONS IN FAVOR OF JUDGMENT GRANTING MANDAMUS.—Upon appeal from a judgment granting the writ of *mandamus*, all presumptions are in favor of the judgment appealed from, and error must be made affirmatively to appear. Where the record upon appeal does not show that the prior warrant has been paid or will be paid, the contrary must be presumed; and where it appears that the petitioner's transcript of the justice's judgment was filed with the city auditor on the same day that he issued the warrant to the assignee, it must be presumed that he issued it with knowledge of the petitioner's right; and the judgment for the petitioner must be affirmed.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Webster & Webster, for Appellant.

C. W. Miller, for Respondents.

CHIPMAN, P. J.—*Mandamus.* The court made the following findings of fact and conclusions of law:

Plaintiffs are copartners and defendant Sievers is city auditor of the city of Stockton, whose duty it is to draw warrants upon the city treasurer for the payment of salaries of all city officials when due and payable; one Bert Harbin was the duly elected and qualified police clerk of said city and became indebted to plaintiffs for the common necessaries of life in the sum of $126.80, for which amount plaintiffs duly recovered judgment in the justice's court on July 30, 1907, and said judgment is in effect and is final; the salary of said police clerk was the sum of $1,104 a year, payable $92 per month on the first day of each month for the previous month, under the charter of said city, and on August 1, 1907, there was due said Harbin, for salary as such police clerk, the sum of $92 for the month of July, which he attempted to assign to one Williamson, by the following document: "Stockton, Cal., July, 1907. For value received, I hereby transfer and assign my claim against the City of Stockton, California, amounting to $92.00, to H. E. Williamson, and hereby authorize the City Treasurer to pay the same to him as assignee.

B. Harbin," and said alleged assignment was filed by said
Williamson with the city auditor on or before July 30, 1907;
on August 1, 1907, and while there was due and unpaid and
payable to said Harbin, his salary as aforesaid, plaintiffs filed
with said auditor a transcript of said judgment, duly au-
thenticated, with an affidavit as provided in section 710 of
the Code of Civil Procedure, claiming the right to avail
themselves of the provisions of said section, whereupon it
became the duty of said auditor to draw a warrant for the
sum due said Harbin as aforesaid, in favor of the justice
of the peace in whose court said judgment was rendered, or
to pay said sum to the said justice's court, but that said au-
ditor failed, neglected and refused, and still fails and refuses
so to do. It is further found that said salary "was non-
assignable and could not be assigned and said alleged assign-
ment is contrary to law and was and is void as against public
policy"; that said assignment was for the salary of said
Harbin for the month of July, 1907, and was and is the only
assignment or attempted assignment made by him to said
Williamson; that plaintiffs are beneficially interested in the
drawing of said warrant in favor of said justice court, and
have no plain, speedy and adequate remedy at law, and that
plaintiffs are entitled to a peremptory writ of *mandamus*
directed to said city auditor commanding him to draw a war-
rant on the city treasurer in favor of said justice court "for
the sum of $90.00, being the amount of the salary of said
Bert Harbin as Police Clerk of said City of Stockton for
the month of July, 1907, less the sum of $2.00 thereof which
is due to the Police Pension Fund of said City of Stockton
out of said salary under the charter of said city, or to pay
said sum of $90.00 into said justice court." Judgment was
accordingly entered, from which and from the order denying
his motion for a new trial, defendant appeals.

The bill of exceptions does not purport to contain all the
evidence submitted at the trial. The only testimony in the
record is that of defendant Sievers, called for plaintiffs. He
testified as follows: "Bert Harbin came to my office on July
31st, 1907, and endeavored to draw his salary for the month
of July, 1907, stating he wanted to leave town that night;
but I refused to allow him to do so, but I took his affidavit

which is necessary under the City Charter for a city officer to take before drawing his salary, and he left the office and afterwards and on the same day he returned to my office with H. E. Williamson. The warrant was already made out to the order of H. E. Williamson, as the assignee of Bert Harbin, as a matter of clerical convenience and because of the assignment, set forth in the petition, filed with me either on July 29th or July 30th, 1907. That on August 1st, 1907, I delivered to said H. E. Williamson the said warrant as directed by Bert Harbin July 31st, 1907. The assignment set forth in the petition is the only assignment made by Bert Harbin to H. E. Williamson for the salary for the month of July, 1907, and has not been changed in any way since it was filed in my office by H. E. Williamson.''

Appellant makes the following points: 1. That the salary was assignable. Citing sections 954, 1044, 1045, 1083 and 1084 of the Civil Code; *La Rue* v. *Groezinger*, 84 Cal. 281, [18 Am. St. Rep. 179, 24 Pac. 42], and numerous other cases; relating to assignments. 2. That Harbin had earned thirty days of his salary and the assignment carried at least that much; 3. That as Sievers had issued and delivered the warrant, he cannot obey the mandate of the writ, it being out of his power to do so.

It may be conceded that the salary of an officer may be assigned after it has been earned. The question here is whether it may be assigned before it is fully earned or by piecemeal. Should the officer who receives a monthly salary resign or be dismissed from his trust during the month, it may be also conceded that his claim for compensation may be assigned after it is earned. Here, however, the officer was in service for the entire month of July, and still is so far as it appears, and the claim which he undertook to assign was for the entire month, and it was for the entire month that a warrant was delivered to Williamson.

It was decided in *Bangs* v. *Dunn*, 66 Cal. 72, [4 Pac. 963], that an unearned salary cannot be assigned; that it is against public policy. (See Mechem on Public Officers, sec. 874.) The doctrine laid down in *Bangs* v. *Dunn* is well settled both in England and the United States. (2 Am. & Eng. Ency. of Law, p. 1033.) The reason for the rule is thus stated:

"The protection thus extended to those engaged in the performance of public duties is not based upon the ground of their private interest, but upon the necessity of securing the efficiency of the public service by insuring that the funds provided for its maintenance shall be received by those who are to perform the work, *at the periods appointed for their payment.* The assignment of such funds before they are due impairs the efficiency of the public service, and is void both in law and equity as being against public policy." (*Id.*) We do not think an officer whose salary is payable monthly can split up his earnings and assign them from day to day as earned. But however this may be, in the case here the assignment purports to be for the month's salary of $92; it was executed and filed with the auditor before it was earned. The salary was not due and payable until August 1st, and on that day the transcript of plaintiffs' judgment was filed with the auditor. In issuing his warrant to Williamson he acted upon a void assignment, and his action thereon is void.

The remaining point is, that defendant having issued his warrant to Williamson, it is beyond his control, and *mandamus* will not compel him to do an impossible thing. As a general proposition it is true that the court will not compel the performance of an act not within the power of the person to whom the writ issues. (*Egilbert* v. *Superior Court,* 6 Cal. App. 190, [91 Pac. 748].) But we do not think the defendant can shield himself under this rule for the reason that the outstanding warrant is void. Both defendant and Williamson, the payee of the warrant, are chargeable with knowledge that the warrant was unauthorized and void. So far as appears it has not been paid and never will be paid. Before plaintiffs should be denied the relief sought by the invocation of the rule just stated, it should at least appear that Harbin acted in good faith and that the warrant issued by him has been paid. For aught we know, its payment has been enjoined and the warrant canceled. Before the judgment will be reversed error must be made affirmatively to appear. Plaintiffs' transcript of their judgment was filed with the auditor on the same day he issued his warrant to Williamson, and it may have issued with the knowledge of the auditor and

Williamson that the plaintiffs' transcript of judgment was then on file with the auditor.

From any view of the case we think the judgment and order should be affirmed, and it is so ordered.

Hart, J., and Burnett, J., concurred.