[S. F. No. 5605.   Department One.—October 1, 1910.]

## SADIE LAWSON, Appellant, v. ALFRED B. LAWSON, Respondent.

PUBLIC OFFICERS—GARNISHMENT OF SALARY—PAYMENT INTO COURT— PREREQUISITE TO ORDER FOR DISPOSITION.—Where the salary of a public officer has been subjected to garnishment by his judgment creditor, under section 710 of the Code of Civil Procedure, the court in which the judgment was rendered is without power to make any order for the disposition of the money levied upon until it has been paid into court, or the auditor's warrant therefor drawn in favor of the court has been delivered to the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the payment of money levied on under section 710 of the Code of Civil Procedure. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

H. H. McPike, and Crittenden Thornton, for Appellant.

Leon Samuels, and Jacob S. Meyer, for Respondent.

ANGELLOTTI, J.—The parties to this appeal are the same as in appeal S. F. No. 5652, *ante,* p. 446, [111 Pac. 354], this day decided. The order appealed from is one made by the superior court that rendered the divorce decree referred to in the opinion in that case, directing the auditor and treasurer of the city and county of San Francisco to pay to defendant certain money due him for salary as justice of the peace of said city and county, notwithstanding the claim of plaintiff that the same be applied on account of the amount due her under such divorce decree, and notwithstanding a full compliance by her with the provisions of section 710 of the Code of Civil Procedure, in her effort to enforce such claim. This order was made by the court without notice to plaintiff, and upon the same day that plaintiff filed her affidavit, duly authenticated transcript of judgment, and claim with the auditor. The order was based upon an affidavit of defendant which set up the claim that the property was exempt from execution. It fully appears from the record that the money so levied upon was never received by or placed within the control of the superior court. In view of the language of section 710 of the Code of Civil Procedure, it is clear that the superior court was without power to make any order for the disposition of the money thus levied upon until it had been paid into court, or the auditor's warrant therefor drawn in favor of the court (see *Ruperich* v. *Baehr,* 142 Cal. 190, [75 Pac. 782]) had been delivered to the court. It has heretofore been so held by this court in a proceeding in prohibition involving the parties to this appeal, but no written decision was filed. Regardless of other considerations, it follows that the order must be reversed.

The order appealed from is reversed.

Shaw, J., and Sloss, J., concurred.