[Civ. No. 1019. Third Appellate District.—April 25, 1913.]

THE FIRST NATIONAL BANK OF CHICO (a Corporation), Respondent, v. J. A. TYLER et al., Appellants.

JUDGMENT—FILING TRANSCRIPT WITH AUDITOR IN ANOTHER COUNTY—SECTION 710 OF CODE OF CIVIL PROCEDURE.—Under section 710 of the Code of Civil Procedure, which provides for the filing of a transcript of a judgment with the auditor of any county from which money is owing to the judgment debtor, whereupon it becomes the

duty of the auditor to draw his warrant in favor of the court from the docket of which the transcript was taken, *mandamus* lies to compel the auditor to draw his warrant in favor of the assignee of a claimant as to any amount assigned prior to the filing of the transcript, and in favor of the court as to any amount involved in case the transcript is filed before an assignment.

ID.—MANDAMUS TO COUNTY AUDITOR—JURISDICTION OF SUPERIOR COURT. The superior court has jurisdiction to issue a writ of mandate to compel a county auditor to perform an act which the law specifically enjoins as a duty resulting from his office.

ID.—REAL PARTY IN INTEREST IN CASE OF ASSIGNED CLAIM.—Where an assignee of a claim against a county has assigned it to a bank for collection, he is the "real party in interest" in *mandamus* proceedings to compel the county auditor to draw a warrant for the claim.

APPEAL from a judgment of the Superior Court of Butte County directing the issuance of a Writ of Mandate. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Park Henshaw, for Appellants.

Lon Bond, for Respondent.

BURNETT, J.—The appeal is from a judgment directing the issuance of a peremptory writ of mandate. The question for determination grows out of the order of the court overruling defendants' demurrer to the petition. In addition to some formal matters the essential admitted facts are as follows: One John Gray performed labor and services for the said county of Butte on certain days at the rate of $3.50 per day, amounting to thirty-five dollars; that he thereafter prepared a written claim for the same against the said county in due form and properly verified and thereafter, on November 25, 1911, sold and assigned the said claim to one W. H. Gray for a valuable consideration, and the latter, on November 29th, sold and assigned the same to petitioner; on certain other days similar services were performed by the said John Gray, amounting in value to the sum of $19.25, for which a claim was properly prepared and verified, and the said John Gray assigned this to the said W. H. Gray, on said November 29th, and by the latter, the same day, it was assigned to peti-

tioner.   Similar services were performed by one Bert Parrish
and two separate claims against the county were prepared by
him.   The first of these claims was assigned, on November 6th,
to one Rod Hamlin who, on the same day, assigned it to peti-
tioner.   The second claim was assigned to Murphy and Ham-
lin who, on November 27th, assigned it to petitioner.   These
several claims were duly assigned by petitioner to the First
National Bank of Oroville for the purpose of collection and
of presenting said claims to the board of supervisors of said
county and of receiving the warrants therefor to be drawn by
said auditor.   The various assignments appeared in proper
form on the respective claims and they were filed with the
clerk of said board and each of said claims was allowed by
said board of supervisors at a regular meeting on December
6, 1911, and the full amount was ordered to be paid out of
the funds of a certain road district.   Thereafter, the clerk of
the board made the proper indorsement of the allowance on
each of said claims and delivered the same to said auditor,
not later than December 15th, following.   On November 28th,
said A. G. Simpson, as executor as aforesaid, caused to be
filed with the said auditor a certified transcript in proper form
of a judgment entered in the justice court of Chico township,
said county, against the said John Gray in favor of said exec-
utor for the sum of $188.10, and on the same day a similar
transcript of a similar judgment against said Parrish for the
sum of $78.27.   The First National Bank of Oroville made
the proper demand upon said auditor for the warrants but
he refused to draw any of them in its favor but threatened
to draw them in favor of the said justice of the peace by
reason of said transcripts of judgments having been filed
with him.   None of the said assignees had any notice of the
filing of said transcripts of judgment until said claims were
in the hands of the auditor and he had refused to draw his
warrants as aforesaid.   It was admitted in the lower court
that after the issuance of the alternative writ the auditor
drew and delivered the warrants on the said Parrish claims
in accordance with the prayer of the petition.   They are,
therefore, not included in the peremptory writ directing the
auditor to draw warrants in favor of said First National Bank
of Oroville.   Hence we are concerned only with the order
commanding the auditor ''forthwith to draw his warrants on

the treasurer of the county of Butte in favor of The First National Bank of Oroville in the sums of $35 and $19.25 respectively'' for the payment of the said two claims assigned and allowed as aforesaid.

The determination of the duty of the auditor in the premises depends, manifestly, upon the proper construction of section 710 of the Code of Civil Procedure which provides: ''The duly authenticated transcript of a judgment, for money, against a defendant, rendered by any court of this state may be filed with the controller of the state of California or the auditor of any county, city and county, city, or other municipal or public corporation, from which money is owing to the judgment debtor in such action . . . whereupon it shall be the duty of any such official, or of such public officer with whom such transcript shall have been filed, to draw his warrant in favor of or to pay into the court from the docket of which the transcript was taken, so much of the money, if sufficient there be, over which such state of California, county, city and county, city, or other municipal or public corporation of which he is an official, or over which said public officer has control and custody and which belongs to or is owing to the judgment debtor in the cause designated in said transcript as will cancel said judgment,'' etc.

The meaning of the section is plain and we are not left in doubt that it was the duty of the said auditor to draw his warrant in favor of said justice court for the amount due on said November 28th, the date when said transcript of judgment was filed, from said county of Butte to said John Gray. The petition discloses that, on that day, the county of Butte owed Gray the sum of $19.25. The other sum of thirty-five dollars was not owing to him, as he had previously made the assignment of it.

In view of said statutory provision and of the allegations of the petition, it was erroneous, therefore, to direct the said auditor to draw his warrant in favor of the Bank of Oroville for said sum of $19.25.

As to the thirty-five dollars, under the showing made, it was clearly the ministerial duty of the auditor to comply with the demand of the bank and mandate was the appropriate remedy to invoke. (Code Civ. Proc., sec. 1085.)

The cases cited, so far as in point, take a similar view of the matter.

In *Erkson* v. *Parker*, 3 Cal. App. 98, [84 Pac. 437], the main question discussed was whether an *abstract* of judgment, as contemplated by sections 897 and 900 of the Code of Civil Procedure, is the same as the *transcript* of judgment provided by said section 710. It was held that an *abstract* did not meet the requirement of said latter section. It is to be observed, however, that a proper transcript of judgment was filed with the auditor but it was filed one day after the judgment debtor had assigned his claim against the county. The appellate court reversed the order directing the auditor to draw his warrant in favor of the justice of the peace to satisfy said judgment, it being assumed that the said transcript was filed too late.

While there seems to have been no assignment of the claim in the case of *Payne* v. *Baehr*, 153 Cal. 441, [95 Pac. 895], the supreme court therein declares: "It is undoubtedly true that a judgment creditor can obtain, under section 710 of the Code of Civil Procedure, only such money as 'is owing to the judgment debtor' at the time of the filing of the authenticated transcript of judgment and affidavit, but money may be so 'owing' although a demand therefor has not been audited."

*Lawson* v. *Lawson*, 158 Cal. 451, [111 Pac. 356], relates to the disposition of the money where the salary of a public officer has been subjected to garnishment by his judgment creditor under said section 710. No question was raised as to the money being due to the judgment debtor from the county at the time the transcript of judgment was filed with the auditor.

There is no merit in the point of want of jurisdiction in the court below. There is no contention that the parties were not properly served and the amount of money involved does not affect the question. The superior court has jurisdiction to issue a writ of mandate to compel an officer, like an auditor of a county, to perform an act "which the law specially enjoins, as a duty resulting from an office." (Code Civ. Proc., sec. 1085.)

The law also imposed upon the auditor the duty of drawing his warrant for the claim. (Pol. Code, sec. 4091.)

The claim having been assigned, it was, of course, the duty of the auditor to draw his warrant in favor of the Oroville

Bank, as it appeared in regular form to be the assignee. Since it was necessary, however, to bring suit to compel the auditor to comply with the law, the action was properly brought by the Chico Bank as the real party in interest. (Code Civ. Proc., sec. 367.)

No other question seems to require consideration.

The judgment is modified so as to require the auditor to draw his warrant for the said claim of thirty-five dollars as prayed for in said petition and by striking out of said judgment the direction for the auditor to draw his warrant for the other claim of $19.25, and, as thus modified, the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.