[Civ. No. 1708. Second Appellate District.—May 13, 1915.]

W. A. TROW et al., Respondents, v. H. L. MOODY, as City Auditor of the City of San Diego, Appellant.

PUBLIC OFFICERS—GARNISHMENT OF MONEY DUE TO—FILING TRANSCRIPT OF JUDGMENT WITH CONTROLLER OR AUDITOR—CONSTRUCTION OF SECTION 710 CODE CIVIL PROCEDURE.—The enactment of section 710 of the Code of Civil Procedure which provides for the filing of a duly authenticated transcript of a judgment for money with the controller of the state or auditor of the county from which money is due to a judgment debtor, for the purpose of intercepting said money, is a valid exercise of legislative power and the filing of such transcript of judgment operates as a garnishment.

ID.—COMPLIANCE WITH STATUTE—MANDAMUS.—*Mandamus* is held to be the proper remedy in the case where there is a refusal to follow the direction of said statute.

ID.—GARNISHMENT—MONEY NOT PAYABLE.—The ordinary rule as applicable to garnishment applies to such a case, which is that a garnishment will impound a debt even though the time of payment has not arrived.

ID.—ASSIGNMENT OF SALARY OF PUBLIC OFFICER—INVALIDITY OF.—The rule is well established that, for considerations of public policy, a public official is not permitted to make an assignment of his wages or salary until the time arrives when he is entitled to collect them, or at least not until they have been completely earned, and the rule has been extended so far as to prohibit such assignments being made of fractional parts of a monthly salary.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

T. B. Cosgrove, City Attorney, for Appellant.

Liggett & Liggett, for Respondents.

JAMES, J.—Mandate to require appellant as auditor of the city of San Diego to issue his warrant in favor of the justice's court for San Diego township in the amount of $63.69. Judgment was in favor of petitioners after demurrer to the answer had been sustained. An appeal taken from that judgment is presented upon the judgment-roll.

By the admitted allegations of the petition it was shown that one George T. Rogers during the month of November, 1914, was the chief deputy treasurer of the city of San Diego, receiving as compensation for his services a monthly salary of one hundred and sixty dollars; that a judgment was obtained against him and other defendants in the justice's court of San Diego township, and that a transcript thereof was filed with appellant auditor on the twenty-eighth day of November, 1914, together with an affidavit made on behalf of the plaintiffs in that action showing that there was then due and unpaid on account of the judgment $63.69, and giving notice to the auditor that the plaintiffs desired to have the advantage of the provisions of section 710 of the Code of Civil Procedure. It was further shown by the petition that the said Rogers had

served as such deputy city treasurer for the whole of the month of November, 1914. The answer of appellant admitted all of these facts, and alleged further by way of defense that on the same day that the transcript of the justice's judgment was served, but prior to the time when it was so served upon appellant, there had been served an instrument whereby the said Rogers and his wife assigned to H. M. Strong all of that portion of the salary earned by Rogers from the first to the twenty-eighth day of November, 1914. The trial judge determined that the fact of the making and filing of the assignment did not affect the rights of respondents here to intercept money owing to Rogers at the time the transcript of the justice's judgment was filed with appellant. Prior to the enactment of section 710 of the Code of Civil Procedure, it had uniformly been held that the salary of a public officer was not subject to the process of attachment or garnishment. The enactment of the statute was a valid exercise of legislative power and gave direct authority for the action taken by the respondents herein. (*Ruperich* v. *Baehr,* 142 Cal. 190, [75 Pac. 782] ; *Lawson* v. *Lawson,* 158 Cal. 446, [111 Pac. 354].) *Mandamus* has been held to be a proper remedy in a case where there is a refusal to follow the direction of the statute. (*First National Bank of Chico* v. *Tyler,* 21 Cal. App. 791, [132 Pac. 1053].) The filing of the transcript of judgment operated as a garnishment; its effect would be to impound whatever money Rogers as a deputy treasurer would at the end of the month have been entitled to collect for that portion of the month from the first day to the twenty-eighth day of November. The statute permits the filing of such a transcript where "money is owing to the judgment debtor." The ordinary rule as applicable to garnishment applies, which is that a garnishment will impound a debt even though the time of payment has not arrived. (Drake on Attachment, sec. 355; Waples on Attachment & Garnishment, p. 264; 2 Shinn on Attachment, sec. 480.) It therefore is made plain that unless the instrument of assignment filed on the same day as was the transcript of judgment but prior to the hour that the latter reached the auditor's hands, legally transferred the debt of the city to the assignee named therein, the judgment as entered in this case was a proper one and must be sustained. As opposed to the validity of this assignment is the well established rule that, for considerations of public policy, a

public official is not permitted to make assignment of his wages or salary until the time arrives when he is entitled to collect them, or at least not until they have been completely earned. This proposition has been affirmed in the cases of *Bangs* v. *Dunn,* 66 Cal. 72, [4 Pac. 963], and *Wilkes* v. *Sievers,* 8 Cal. App. 659, [97 Pac. 677]. In *Bangs* v. *Dunn,* it was said generally that the unearned salary of a public official was not the subject of valid assignment, and it might be argued from this that the decision was not prohibitive of an assignment made after any part of the salary had been earned. An examination of the cases, however, shows that the rule has been extended so far as to prohibit such assignments being made of fractional parts of a monthly salary. In *Wilkes* v. *Sievers,* the court said: "We do not think an officer whose salary is payable monthly can split up his earnings and assign them from day to day as earned." This last declaration finds full support in the case of *Stevenson* v. *Kyle,* 42 W. Va. 229, [57 Am. St. Rep. 854, [24 S. E. 886.] We do not believe that the provisions of section 955 of the Civil Code, which provide in part that "no assignment of, or order for, wages or salary shall be valid unless at the time of the making thereof, such wages or salary have been earned, . . ." at all affect the restrictions placed upon the matter of the making of assignments of such salaries, as claimed by appellant, or that sections 1044 and 1458 of the same code tend in any manner to diminish the force of that rule.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.