[Civ. No. 5478. Third Appellate District.—April 30, 1936.]

C. B. KIMBALL et al., Plaintiffs, v. J. H. LEDFORD, Defendant and Appellant; BLANCHE THARP et al., Defendants and Respondents.

Frank B. Graves for Appellant.

Ivan B. Sperbeck for Respondents.

PULLEN, P. J.—Blanche Tharp is a teacher in the public schools of this state. J. H. Ledford holds an unsatisfied judgment against her. Shortly after obtaining this judgment Blanche Tharp executed an assignment of her teacher's salary earned, and to be earned in the future, to certain designated firms and individuals to whom she was indebted, for the necessities of life. Thereafter Ledford filed with the proper officers a duly authenticated abstract of judgment together with an affidavit setting forth the exact amount then due as required by section 710 of the Code of Civil Procedure.

Plaintiffs are the officers of the school district whose duty it is to draw the salary warrant of Blanche Tharp, and claims having been made upon them both by the judgment creditor and by the assignees, have brought this action in interpleader asking that they be permitted to pay the amount due into court and that the court determine to whom the money shall be awarded. The order for interpleader was made, and after a trial upon the issues, the trial court held the assignments made by Blanche Tharp were valid, and gave judgment in favor of the various assignees and against the judgment creditor.

This appeal presents the sole question of whether a teacher employed in the public schools may, under section 955 of the Civil Code, assign salary to be earned in the future. This section provides for the assignment of wages or salary and permits such assignments of future earnings if for necessities of life.

It was early held in California, however, in *Bangs* v. *Dunn,* 66 Cal. 72 [4 Pac. 963], that the assignment of a salary by a public officer before it became due, was contrary to public policy and void. This rule has been adopted and followed in a number of subsequent cases, as *Wilkes* v. *Sievers,* 8 Cal. App. 659 [97 Pac. 677]; *Trow* v. *Moody,* 27 Cal. App. 403 [150 Pac. 77]; *Walker* v. *Rich,* 79 Cal. App. 139 [249 Pac. 56]. We refer also to 23 Cal. Jur. 119, both to the text and cases cited in support thereof.

This restriction is not for the protection or benefit of the individual office holder but is based upon the ground of public policy in that it might tend to impair the efficiency of the public service to permit such assignment. No such inhibition applies, however, to a person in private life, and a solution of the question here presented turns upon the determination of whether a teacher in the public schools of California holds a public office This question was considered by the court in *Leymel* v. *Johnson,* 105 Cal. App. 694 [288 Pac. 858], where an instructor in a high school was elected a member of the state legislature. Section 19, article IV, of the Constitution provides, "No senator or member of assembly shall, during the term for which he shall have been elected, hold or accept any office, trust, or employment under this state; . . . " We will not repeat the reason nor citations set forth in *Leymel* v. *Johnson, supra,* but the court held a high school teacher is not holding an office "under this state".

In *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 Pac. 1042], it was held a teacher was an employee and not an officer, and therefore the doctrine that *mandamus* cannot be used to regain an office was not applicable. That a teacher is an employee is also definitely established by the provisions of section 5.400 et seq. of the School Code.

In *Walker* v. *Rich,* 79 Cal. App. 139 [249 Pac. 56], the question is there presented whether or not an employee of a county employed to work with his teams, wagons and scrapers, upon the roads of the county, could make an assignment of his future earnings under section 955 of the Civil Code. The court said: "The employment merely involved a contract between him and the county, acting through its governing board, whereby he agreed to and did perform certain labor, which in no sense was concerned or connected with the exercise or administration of the sovereign powers of

the government, except in so far as his employment for the purpose indicated involved the exercise by the board of supervisors itself of the general sovereign powers conferred upon it by law. There was neither expressly nor by implication the delegation of any of the sovereign powers of the government to Smith by virtue of the contract of employment.''

Similarly in the case of *Pacific Finance Corp.* v. *City of Lynwood,* 114 Cal. App. 509 [300 Pac. 50, 1 Pac. (2d) 520], the question was whether an engineer employed on street improvement projects could assign unearned compensation for his services, and the court said: ''It is our conclusion that the contract did not operate to make Schwabland a public official. It would be futile to attempt to reconcile the many definitions and illustrations of 'public officer.' This much is certain. To have a public officer you must first have a public office created by the Constitution, Legislature, or some legislative body with delegated authority; an office that exists independently of the person in it. (Citing numerous authorities.) We are not attempting to rely upon the distinction which may be made between 'public office' and 'public position', both of which are the result of legislative creation, but which may be said to differ, one from the other, depending upon the presence or absence of duties partaking of sovereignty. A contracted relation differs from either. *Miller* v. *Boyle* (1919), 43 Cal. App. 39 [184 Pac. 421], deals with the distinction to be made between a person employed by contract and one appointed to a public position.'' It appears, therefore, that teachers are employed by contract and their position has none of the attributes of a public office.

We therefore find nothing to prohibit a school teacher employed in the public schools of this state from making a valid assignment of future earnings, and the judgment appealed from is affirmed.

Thompson, J., concurred.