[No. 7,161.—Department No. 2.]

CLARK v. SUPERIOR COURT OF LASSEN COUNTY.

JURISDICTION—JUDGMENT—APPEAL.—If, after acquiring jurisdiction of the parties and the subject-matter, a Superior Court should order judgment for one of the parties without a trial, such judgment would not be "without or in excess of the jurisdiction" of the Court, although it might be erroneous; and in such case the only remedy would be by appeal.

APPLICATION for a writ of prohibition to the Superior Court of Lassen County and HENDRICK, J.

The facts are stated in the opinion.

*Geo. Cadwalader*, for the Plaintiff.

SHARPSTEIN, J. :

This is an application for a writ of prohibition. The grounds upon which the application is based are substantially the following :

Prior to the commencement of the year 1880, one Adam Murdock sued the petitioner herein, in the District Court of the Twenty-first Judicial District of this State in and for the County of Lassen. Issues were drawn in said action, and a trial was had in the month of November, 1879, before the Court, sitting with-

out a jury. The Court took the case under advisement, and on the 24th of November, 1879, adjourned *sine die*. On the 26th day of December, 1879, the Judge of said Court made and signed written findings, and a judgment, (in the form of a decree) in favor of the plaintiff in said action, and forwarded said findings and judgment to the clerk of said Court, with private instructions not to file said judgment until the reporter's fees were paid. The clerk received said findings, judgment, and directions on the 30th day of September, 1879, and they remained in the office without being formally filed until after the new Constitution went into effect. Since then the reporter's fees have been paid, and on the 13th day of April, 1880, the Superior Court of said Lassen County ordered the clerk of said Court " to place said judgment and findings and conclusions of law upon the files and records " of said Court. The prayer of the petitioner is, " that a writ of prohibition issue, annulling the said order " of said Superior Court.

Strictly speaking, it is not the office of the writ of prohibition to annul orders or judgments of courts; and it is sufficiently plain to our comprehension that the case presented is not one in which a writ of prohibition can properly issue. Whatever else may be doubted, there is no room for any doubt as to the fact that the action was one of which the Superior Court had jurisdiction, and could proceed to try and determine it precisely as it might have done if said action had been originally commenced in that Court. The case was transferred to that Court, and was at issue. No question is raised as to the Court having had jurisdiction of the parties or of the subject of the action. Now, conceding for the purposes of this argument, that the Court should have proceeded to try said cause *de novo*, instead of adopting the findings, conclusions, and judgment of the late District Court, it must be obvious that the only remedy for that error is an appeal. If, after acquiring jurisdiction of the parties and subject-matter of an action, a Superior Court should order judgment in favor of one of the parties without a trial, that judgment would neither be " without or in excess of the jurisdiction of such tribunal," although it might be erroneous, as any judgment might be if rendered upon the naked pleadings in a case where the pleadings raised a material issue. This conclusion renders it unnecessary

for us to express any opinion upon the other questions discussed by counsel.

Application denied, and restraining order granted herein vacated.

THORNTON, J., and MYRICK, J., concurred.