[Department One. — February 16, 1883.]

SYLVESTER HULL, PETITIONER, v. THE SUPERIOR COURT OF SHASTA COUNTY ET AL., RESPONDENTS.

PROHIBITION — COURT — OFFICER. — Prohibition does not lie to prevent a court from recognizing and taking judicial notice of the acts of a ministerial officer either *de facto* or *de jure*, nor to set aside judicial acts already done.

APPLICATION for a writ of prohibition. The facts are stated in the opinion of the court.

*Clay W. Taylor, A. M. Rosborough,* and *R. A. Redman,* for Petitioner.

*I. S. Belcher,* and *Chipman & Garter,* for Respondents.

PER CURIAM. — The demurrer to the petition in this proceeding must be sustained. The petition alleges that the Superior Court " has recognized, does recognize, and, unless prohibited, will continue to recognize and take judicial notice of the acts of W. E. Hopping," who claims to act as sheriff and tax collector of Shasta County.

Prohibition is not available as a remedy to prevent the acts of a *de facto* or *de jure* ministerial officer (*People* v. *Board of Election,* 54 Cal. 404; *Le Conte* v. *Berkeley,* 57 Cal. 269); nor to prevent judicial acts already done.

The right of one claiming to act as sheriff of a county can only be questioned in a proper proceeding by information in the nature of a *quo warranto.* (*Hull* v. *Superior Court, ante.*)

Demurrer sustained and writ dismissed.