[In Bank.—November 28, 1883.]

A. P. MORE, PETITIONER, v. SUPERIOR COURT OF
THE CITY AND COUNTY OF SAN FRANCISCO,
AND F. W. LAWLOR, JUDGE.

PROHIBITION. — A writ of prohibition will not issue to arrest judicial proceedings
unless they are without or in excess of the jurisdiction of the court.

JURISDICTION— SUPERIOR COURT— REMOVAL OF TRUSTEES. — A Superior Court has
jurisdiction of an action to remove a trustee, although the trust property consists of real estate in another county.

PETITION for a writ of prohibition. An action had been
brought and was pending in the Superior Court of San Francisco, by the heirs of Nicholas A. Den, deceased, against the
trustees under his will, to remove them for certain alleged failure of duty under the trust, and praying for the appointment
of a receiver pending the suit. A receiver was appointed. The
trust property consisted of certain real estate in the county of
Santa Barbara. The petitioner claimed the right of possession
as sub-tenant of a lessee of the trustees. He sought by this
proceeding to procure an order restraining the Superior Court,
and the receiver from interfering with the property in his
possession.

*Flournoy, Mhoon & Flournoy*, for Petitioner.

*O. P. Evans*, for Respondent.

Ross, J. — The writ of prohibition only goes to arrest the proceedings of a tribunal, corporation, board, or person when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. Unless, therefore, it can be held that the Superior Court of the city and county of San Francisco has no jurisdiction of the action entitled *Welch* v. *Huse*, it is plain that the writ cannot go; for this writ is not the appropriate one to procure the annullment of proceedings already had.

It is contended that the Superior Court of the city and county of San Francisco has not jurisdiction of the action of *Welch* v. *Huse* because of that provision of the present Constitution declaring that all actions for the recovery of the possession of real estate shall be commenced in the county in which the real estate or some part thereof affected by such action or actions is situated. But in no sense is the action entitled *Welch* v. *Huse* one "for the recovery of the possession of real estate." It is an action brought by certain *cestuis que trust* to procure the removal of the trustees, the appointment of other trustees in their stead, and the appointment of a receiver to take, hold, and protect the property pending the action. Such an action is and always has been one of exclusively equitable jurisdiction, of which by section 5 of article vi. of the Constitution the Superior Courts are given original jurisdiction.

Writ denied and proceedings dismissed.

MORRISON, C. J., SHARPSTEIN, J., MYRICK, J., McKINSTRY, J., and THORNTON, J., concurred.