[Civ. No. 944. Second Appellate District.—December 20, 1910.]

M. HARRIS, Petitioner, v. THE RECORDER'S COURT OF THE CITY OF CALEXICO and JAMES B. HOFFMAN, City Recorder, Respondents.

PROHIBITION—CONVICTION IN RECORDER'S COURT AFFIRMED BY SUPERIOR COURT—EXECUTION FROM RECORDER'S COURT.—The issuance of a writ of execution from a recorder's court imposing a fine which has been affirmed upon appeal to the superior court is a ministerial act which cannot be arrested by a writ of prohibition; nor can the judgment of the superior court be annulled by a proceeding against the inferior court.

ID.—PENDENCY OF CAUSE IN RECORDER'S COURT OF SAME KIND AND CHARACTER—INSUFFICIENT PETITION—REMEDY BY APPEAL.—While the petition alleges the pendency of another cause in the recorder's

court of the same kind and character, but does not show that petitioner is defendant therein, nor that he is charged with a violation of a void ordinance, and there is nothing in the petition making it appear that said recorder's court is exercising judicial functions in excess of its jurisdiction, nor is it shown that petitioner would not have a plain, speedy and adequate remedy on appeal from said court, there is no merit in the petition, and the application must be denied.

APPLICATION for writ of prohibition to the Recorder's Court of the city of Calexico, Imperial County.   James B. Hoffman, City Recorder.

The facts are stated in the opinion of the court.

Conkling & Brown, for Petitioner.

F. P. Willard, for Respondents.

SHAW, J.—Petitioner was convicted in the recorder's court of the city of Calexico upon a charge of violating a city ordinance, and sentenced to pay a fine of $75.

He prosecuted an appeal to the superior court, where the judgment of conviction was affirmed.

The petition alleges that said city recorder threatens to and will, unless restrained by this court, proceed to enforce the judgment so rendered by the superior court by causing execution to issue against the property of petitioner.   The issuance of a writ of execution upon a judgment is a ministerial act which cannot be arrested by writ of prohibition. (*Camron* v. *Kenfield,* 57 Cal. 550.)   Moreover, the judgment of the superior court cannot be annulled by a proceeding against the inferior court.   (*Olcese* v. *Justice's Court,* 156 Cal. 82, [103 Pac. 317].)

While it is alleged in the petition that there is another cause pending in the recorder's court of the same kind and character, it does not appear that petitioner is defendant in such other action, nor that he is charged with a violation of the alleged void ordinance.

There is nothing in the petition whereby it is made to appear that said recorder's court is exercising judicial functions in excess of its jurisdiction; nor, even if such fact did

appear, is it shown that petitioner would not have a plain, speedy and adequate remedy on appeal from said court.

There is no merit in the petition and the application is denied.

Allen, P. J., and James, J., concurred.