[S. F. No. 10076. In Bank.—June 30, 1922.]

WILLIAM S. VAN HOOSEAR, Petitioner, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA; Respondent.

[1] RAILROAD COMMISSION—CONTEMPT—PUNISHMENT—JURISDICTION.—In view of section 22 of article XII of the constitution and sections 54 and 81 of the Public Utilities Act, the Railroad Commission has jurisdiction to punish for contempt.

[2] CONTEMPT—PUNISHMENT—ABILITY TO COMPLY WITH ORDER.—It is essential to the jurisdiction to punish for contempt for disobeying the order of a court that the party charged shall have been able to comply with such order, unless he has voluntarily and contumaciously disabled himself from complying.

[3] ID.—WILLFUL REFUSAL OF OBEDIENCE—RECITAL IN ORDER—INSUFFICIENT EVIDENCE OF ABILITY.—An order adjudging one guilty of contempt for failure to perform an act directed by the court

---

1. Power of board of public officials to punish for contempt, notes, 117 Am. St. Rep. 950; Ann. Cas. 1912B, 1265.

is void as a basis for the imposition of punishment, unless it appears therefrom that it is within the power of such person to perform the act, and a mere recital in the order that obedience thereto is willfully refused is not sufficient.

[4] RAILROAD COMMISSION—ORDER DIRECTING RESUMPTION OF WATER SERVICE—DISOBEDIENCE NOT CONTEMPTUOUS—EVIDENCE.—The Railroad Commission is without jurisdiction to punish a party for contempt for disobedience of its order requiring the re-establishment of a public utility service of water, where at all times covered by the proceedings the title to the physical properties constituting the system was in the wife, who, pending the proceedings made a conveyance thereof to a third party.

[5] PROHIBITION—FUNCTION OF WRIT.—A writ of prohibition does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate, but the party aggrieved will be left to pursue the ordinary remedies for the correction of errors.

[6] RAILROAD COMMISSION—CONTEMPT ORDER—DEMAND FOR WRONG RELIEF—EFFECT OF.—An application for a writ of prohibition to prevent the Railroad Commission from enforcing a judgment for contempt for a disobedience of its order, which is presented on the complete record including a transcript of the evidence, will be considered as if it were an application for a writ of review, and such relief will be given as the record warrants.

[7] CERTIORARI—EVIDENCE.—Under a writ of review, the evidence of facts upon which the lower court or tribunal depended for its jurisdiction may be considered, and its judgment set aside if jurisdiction is without support in the evidence.

APPLICATION for a Writ of Prohibition to prevent the Railroad Commission from enforcing a judgment of commitment for contempt for disobedience of an order. Order annulled.

The facts are stated in the opinion of the court.

H. S. Craig for Petitioner.

Hugh Gordon and William W. Clary for Respondent.

SLOANE, J.—This is a proceeding to prohibit the enforcement of a judgment committing the petitioner for contempt in disobeying an order of the state Railroad Commission.

In proceedings duly had the Railroad Commission determined on December 23, 1919, by the decision of said commission, that the petitioner, William S. Van Hoosear, was in the control of a certain public utility water system within this state consisting of a flowing spring and pipeline therefrom used and operated for the purpose of supplying water for domestic and other purposes to several consumers. That without authority of law he had discontinued such service, and it was by the commission adjudged as follows:

. "It is hereby ordered that said William S. Van Hoosear be and he is hereby directed to re-establish the public utility service of water to his consumers in Castro Valley within (5) five days of the date of this order and to continue such public utility service at the rates herein found to be the legal rates in effect.

"It is hereby ordered that William S. Van Hoosear be and he is hereby directed to file the above rates with this commission within 10 days of the date of this order."

This proceeding and order of the Railroad Commission was afterwards before this court on a writ of review, and on December 22, 1920, an opinion and order was filed therein affirming the order and decision of the commission.

The foregoing order of the Railroad Commission thus approved and affirmed is the basis for the contempt proceedings now before us. Van Hoosear, the petitioner here, was cited for contempt for failing and refusing to comply with the order to restore the water service.

Proceedings in due form were had before the commission and petitioner was found guilty of contempt for disobeying the order of the commission and on the 1st of December, 1921, it was adjudged by the Railroad Commission that he be punished therefor by paying a fine of $250, and in default thereof that he be imprisoned in the county jail for thirty days.

Petitioner seeks to restrain the enforcement of this judgment on the ground that the Railroad Commission has exceeded its jurisdiction in imposing this penalty.

The facts in the case are practically undisputed and we will proceed to consider such issues as are presented which are essential to determining petitioner's right to the relief

demanded without reference to the manner or order in which they are pleaded.

[1] That the Railroad Commission has jurisdiction to punish for contempt is sufficiently manifest (Const., art. XII, sec. 22; Public Utilities Act, secs. 54, 81 [Stats. 1911 (Ex. Sess.), pp. 48, 62]; *Pacific Telephone etc. Co. v. Eshleman,* 166 Cal. 640, 650 [Ann. Cas. 1915C, 822, 50 L. R. A. 652, 137 Pac. 1119]).

The jurisdiction of the Railroad Commission in this matter is sustained on the face of the record so far as concerns the validity of the order which petitioner is charged with disobeying, and the right of the commission to enforce it, and the citation and proceedings for contempt were regularly had and conducted.

So far as we are able to discover the only question of jurisdiction to punish petitioner arises upon the sufficiency of the record to show that petitioner was legally able to comply with the order at the time the citation for contempt was issued.

By his verified answer to the affidavit and citation for contempt, petitioner alleged that he had not been the owner of said water system, or the land on which it was situated, since the month of June, 1910. That on that date he had conveyed all of this property to his wife, Margaret P. Van Hoosear, and that she had ever since continued as the sole owner in possession of the same to the fifteenth day of November, 1919, at which date she sold and transferred said real property with the springs located thereon to one, C. F. Lewis, who had ever since been the owner thereof.

The Public Utility Act under which the Railroad Commission obtained control of water service utilities was not in existence at the time of the alleged conveyance of this property to petitioner's wife, and petitioner was not, according to his answer, the owner thereof at the time the water service was discontinued or at the time the order of December 23, 1919, to re-establish such service was made, or during any of the proceedings culminating in the judgment for contempt. In short, if the deeds pleaded in the answer herein are recognized as valid transfers of title, the petitioner at no time covered by the proceedings shown in this record was the owner of this water system.

In this connection it may be said that the evidence produced before the commission in the contempt proceedings, without dispute, bears out the allegations of the answer as to the transfers of this property, and there seems to be no ground to question that Margaret P. Van Hoosear, and later, C. F. Lewis, and not the petitioner here, were, at all times covered by claim of jurisdiction by the Railroad Commission, the legal owners of the property constituting the alleged water system.

So far as the rights of Mrs. Van Hoosear and C. F. Lewis are concerned it is apparent that they are not affected by any of the proceedings before or on behalf of the Railroad Commission as neither of them was at any time made a party thereto.

Regarding the effect of the judgment and order of December 23, 1919, as fixing the status of this property as a public utility water system as to petitioner, William S. Van Hoosear, there can be no doubt. He appeared in the proceedings, submitted himself to the jurisdiction of the commission, and at no time prior to the citation for contempt in any way disclaimed ownership and control of the property.

Nothing has occurred since the judgment of December 23, 1919, so far as disclosed, to alter the situation as regards the petitioner. There was available at that time the same defense to the order requiring him to resume the water service, as that interposed to the judgment in contempt for disobeying that order.

It may be noted, however, that in the judgment directing a resumption of the water service there was no adjudication of the nature and extent of petitioner's interest in or control over the water system. And we know of nothing to estop him from showing as an excuse for failing to obey the commissioner's order, that he had no legal rights in the premises that would permit him to resume the operation of the system which the former decision of the Railroad Commission showed that he had discontinued and abandoned.

As already indicated, it appears beyond dispute that the petitioner at no time covered by the proceedings of the Railroad Commission had any title or ownership of the physical properties constituting the water system. The title

was in his wife and pending the proceedings she conveyed her title to C. F. Lewis. This she could do without permission from the Railroad Commission, as she was at no time a party to the proceedings taken by the commission. After the sale of the premises to Lewis the record before us shows without controversy that the latter took possession of the land and the springs and that petitioner no longer had any right, interest or possession under which he could obey the order to resume the operation of the water system. He testified that upon the transfer of this property by his wife to Lewis there was no reservation of any kind relating to the water, and that he thereafter had or exercised no rights of ownership or control therein. Whatever control he may have reserved or exercised while his wife owned the premises, was terminated on the sale to Lewis. This testimony, as well as the presumptions arising from transfer of title, were not disputed.

Under this state of facts it is clear that at the time the contempt was charged the petitioner here was without right or power to obey the order of the Railroad Commission to resume the distribution of water.

[2] It is essential to the jurisdiction to punish for contempt for disobeying the order of a court that the party charged shall have been able to comply with such order, unless he has voluntarily and contumaciously disabled himself from complying. (*Ex parte Cohen,* 6 Cal. 318; *Galland* v. *Galland,* 44 Cal. 475 [13 Am. Rep. 167]; *Ex parte Silvia,* 123 Cal. 293 [69 Am. St. Rep. 58, 55 Pac. 988]; *Ex parte Todd,* 119 Cal. 57 [50 Pac. 1071].) [3] And an order "adjudging one guilty of contempt for failure to perform an act directed by the court is void as a basis for the imposition of punishment, unless it appears therefrom that it is within the power of such person to perform the act" (*Bakeman* v. *Superior Court,* 37 Cal. App. 785 [174 Pac. 911]), and a mere recital in the order that obedience thereto is willfully refused is not sufficient. (*In re Cowden,* 139 Cal. 244 [73 Pac. 156].)

[4] In the present case the petitioner cannot be held to have contumaciously disabled himself to obey the order of the commission unless he can be held responsible for the act of his wife in disposing of the property, and there is no evidence to support such a conclusion. It may be true that

he did not act with frankness or fairness to the commission in failing to disclose before the original order was made that this property had been conveyed to Lewis, but that is another matter. He is not charged with having contumaciously put it out of his power to obey the order of the commission.

In *Egilbert* v. *Superior Court*, 6 Cal. App. 190 [91 Pac. 748], on petition for writ of review of an order committing for contempt of court, the petitioner had been ordered to produce certain books of a corporation of which he was secretary. He had resigned as such secretary before the order had been served on him. In the absence of a showing that such resignation was brought about to avoid compliance with the order the court was held without jurisdiction to punish for contempt. As Justice Chipman says in the opinion, "The fact that Egilbert withheld from the court the fact of his resignation on May 20th, and allowed the court to grant the writ under the impression that Egilbert was then the secretary, is not the ground on which the contempt judgment is based. That judgment rested on his failure and refusal to produce the books of the company."

A more serious question presented on the consideration of this petition is whether prohibition is the proper remedy. Prohibition is directed only to the jurisdiction of the court or tribunal to act in the premises, rather than to the question as to whether it has acted in the proper exercise of its jurisdiction. In the present case the judicial function of the Railroad Commission had terminated. Its judgment of commitment had been made, and it is only sought here to restrain the ministerial act of enforcing the penalty.

Moreover, there is room for contention that the judgment on its face shows jurisdiction. As heretofore stated, the only ground for attacking the judgment of the commission is on the question of the ability of the petitioner to comply with the order on which the contempt is based. The finding of the commission in the contempt proceeding is that at all times in said finding specified petitioner was the owner of this water system, and that during said time he operated and managed said system for compensation. If this finding can be construed as including the period covered by the contempt proceedings, as it was apparently

intended to do, it is, in effect, a finding that petitioner was at the time able to comply with the order of the commission. This was one of the facts which the commission had jurisdiction to try, and it is contended that as against a writ of prohibition its finding is conclusive. The general rule applicable to prohibition is thus stated in High on Extraordinary Remedies, section 772: The writ of prohibition "is never allowed to usurp the functions of a writ of error or *certiorari*, and it is never employed as a process for the correction of errors of inferior tribunals. And the courts will not permit the writ of prohibition, which proceeds upon the ground of an excess of jurisdiction, to take the place of or be confounded with a writ of error, which proceeds upon the ground of error in the exercise of jurisdiction which is conceded.

[5] "The proper functions of a prohibition being to check the usurpation by inferior tribunals, and to confine them within the limits prescribed for their operation by law, it does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In all cases, therefore, where the inferior court has jurisdiction of the matter in controversy, the superior court will refuse to interfere by prohibition, and will leave the party aggrieved to pursue the ordinary remedies for the correction of errors, such as the writ of error or *certiorari*."

This court has sustained this rule in recent decisions in denying prohibition to restrain a superior court from granting letters of administration, upon a proffered showing that the decedent was not a resident of the state, or that there was no property of the decedent within the jurisdiction. (*Dungan* v. *Superior Court*, 149 Cal. 102 [117 Am. St. Rep. 119, 84 Pac. 767].) Similar rulings have been made denying prohibition where a complaint fails to state a cause of action, or where the evidence is alleged to be insufficient to sustain a judgment. (*Brush* v. *Smith*, 144 Cal. 469 [75 Pac. 55]; *Lange* v. *Superior Court*, 11 Cal. App. 1 [103 Pac. 908].) These, however, were cases where there was a remedy by appeal. In a contempt proceeding there is no remedy by appeal, and unless the jurisdiction can be attacked by a showing that there is no evidence to support the judgment it would appear that the defendant

is without remedy unless it can be provided under a writ of review.

There is also the question as to the authority of this court to restrain the action of the Railroad Commission by prohibition, even in the matter of contempt proceedings, in the light of the general limitation by the public utilities act of all review of the rulings of the commission to the writ of *certiorari.*

[6] We do not deem it necessary, however, to attempt to solve these doubts as to the application of prohibition to this matter, as we are satisfied that the record before us presents a case for consideration as under application for a writ of review. The petition was made in time, and a complete record has been brought up on this hearing, including a transcript of the evidence. Under these circumstances, although the petition may have demanded the wrong relief, there is no reason why, with the facts before us, this court should not give such relief as the record so presented warrants. (*Johnson* v. *Polhemus,* 99 Cal. 240, 244 [38 Pac. 908]; *Zellerbach* v. *Allenberg,* 99 Cal. 57, 68 [33 Pac. 786]; Code Civ. Proc., sec. 580.)

[7] That under a writ of review, the evidence of facts upon which the lower court or tribunal depended for its jurisdiction may be considered, and its judgment set aside if jurisdiction is without support in the evidence, is beyond dispute.

In *McClatchy* v. *Superior Court,* 119 Cal. 413, at page 418 [39 L. R. A. 691, 51 Pac. 696], it is said: "While the writ of *certiorari* is not a writ of error, 'it is nevertheless,' as suggested in *Schwartz* v. *Superior Court,* 111 Cal. 112 [43 Pac. 580], 'a means by which the power of the court in the premises can be inquired into; and for this purpose the review extends not only to the whole of the record of the court below, but even to the evidence itself, when necessary to determine the jurisdictional fact.' If, then, by looking at the evidence we can see that the court exceeded its power, we have a right to examine the evidence for that purpose." (To the same effect: *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 357]; *Federal Construction Co.* v. *Graham,* 33 Cal. App. Dec. 698.)

As already pointed out, the evidence showing petitioner's inability to obey the order of the commission stands without conflict.

The order convicting petitioner of contempt was, therefore, in excess of the jurisdiction of the Railroad Commission and must be annulled. It is so ordered.

Shaw, C. J., Lennon, J., Waste, J., Wilbur, J., and Shurtleff, J., concurred.

Rehearing denied.

All the Justices concurred.

Richards, J., *pro tem.*, and Myers J., *pro tem.*, were acting.