[Civ. No. 5140. First Appellate District, Division Two.—March 11, 1925.]

ROBERT TAYLOR DAVIS et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

[1] PROHIBITION—WHEN WRIT LIES—RESTRAINING FUTURE ACTS.—A writ of prohibition will lie only where the inferior tribunal is about to do some act unauthorized by law, as it is a preventive rather than a corrective remedy and issues only to restrain the commission of a future act and not to undo an act already performed.

[2] ID.—REVIEW OF JUDGMENT—CERTIORARI—INSUFFICIENT RECORD.—An application for a writ of prohibition to restrain a superior court from further proceeding to try a purported appeal from a justice's court will not be treated as an application for a writ of certiorari to review the judgment entered by the superior court prior to service upon it of the alternative writ of prohibition, where all the evidence taken before the superior court is not before the appellate court and, therefore, the latter court cannot know that it is doing exact justice as between the parties.

---

(1) 32 Cyc., p. 599, n. 3, p. 600, n. 12, p. 603, n. 27.    (2) 32 Cyc., p. 630, n. 2 New.

PROCEEDING on Prohibition to restrain a Superior Court from proceeding to try a Justice's Court appeal. Writ denied.

The facts are stated in the opinion of the court.

---

1.  Writ of prohibition, when lies, notes, 12 Am. Dec. 604; 18 Am. Dec. 238; 111 Am. St. Rep. 929. See, also, 22 R. C. L. 8; 21 Cal. Jur. 580.

C. W. White for Petitioners.

J. J. Rose, Jr., for Respondents.

STURTEVANT, J.—This is an application for a writ of prohibition to restrain the respondent Superior Court from further proceeding to try the purported appeal in the case of *Davis* v. *Stadler.*

The application was made to this court on December 22, 1924. On the twenty-third day of December, 1924, this court ordered an alternative writ to issue returnable before this court on the twelfth day of January, 1925. The respondent answered by filing an affidavit by J. J. Rose, Esq., attorney for Stadler, a general demurrer and a certified copy of the judgment of the Superior Court made and entered in the case of *Davis* v. *Stadler* on the twenty-ninth day of December, 1924. The cause was submitted on all of said documents, as on a motion for judgment on the pleading.

On the fourteenth day of June, 1924, Honorable Jacob Harder, Jr., as justice of the peace of the township of Eden, county of Alamada, state of California, in an action wherein Robert Davis and Elise Davis were plaintiffs and Jacob Stadler was defendant, entered a judgment in favor of the plaintiffs against the defendant in the sum of $267.52, and said justice thereupon gave written notice to all parties that said judgment had been entered. Thereafter a purported appeal was taken to the Superior Court. Thereafter the plaintiff appeared in the Superior Court and made a motion to dismiss alleging that the said appeal had not been legally perfected by reason of the fact that the fees required to be paid to the justice court under the provisions of section 981 of the Code of Civil Procedure were not paid until a date more than thirty days after the rendition of the notice of judgment in the said action entitled *Davis* v. *Stadler.* The petition further recites that the motion to dismiss was thereafter presented to the Superior Court and that the Superior Court denied the motion and it is further averred that the respondent Superior Court will proceed and try said action *de novo* unless restrained by this court.

The petition does not raise any issue on the question (1) that a notice of appeal was duly and regularly filed; (2) that an undertaking in due form to recover costs and to stay proceedings was duly and regularly filed; but (3) it does present an issue as to whether the fees required by the provisions of section 981 of the Code of Civil Procedure were paid within thirty days after the judgment was rendered by the justice court. The petition is so drawn that it shows on its face that the question as to whether said fees were paid was, under the facts of this case, a mixed question of fact and law and which question was presented to the Superior Court in the form stated when the petitioner applied to the Superior Court to dismiss the appeal. The petition recites that the motion to dismiss the appeal was supported by "all the records and files in said action together with the affidavit of J. J. Rose, Jr., the affidavit of Jacob Harder, Jr., justice of the peace, and the written stipulation of counsel of the respective parties . . . ," but the petition does not purport to set forth that evidence, excepting to furnish a copy of the two affidavits specified. In its return the respondent Superior Court alleges that on the twenty-ninth day of December, 1924, and prior to the service upon it of the alternative writ of prohibition, the case of *Davis* v. *Stadler* was heard and determined and a judgment in favor of the defendant was entered therein; and to that return is attached a copy of the judgment.

[1] It is settled law of this state that a writ of prohibition will lie only where the inferior tribunal is about to do some act unauthorized by law. It is a preventive rather than a corrective remedy and issues only to restrain the commission of a future act and not to undo an act already performed. (*Blade* v. *Fresno County,* 60 Cal. 290; *Hull* v. *Superior Court,* 63 Cal. 179; *Havemeyer* v. *Superior Court,* 84 Cal. 327, 393, 394 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]; *Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336].) It is clear, therefore, that a writ of prohibition should not, under the facts of this case, be issued.

[2] At the time of the argument the petitioner requested that this court treat his proceeding as an application for a writ of review. When the petition is filed in time and a

complete record has been brought up and all of the facts are before the court so that the court can know that it is doing exact justice as between the parties, the court will adopt that procedure (*Van Hoosear* v. *Railroad Com.*, 189 Cal. 228, 236 [207 Pac. 903]); but the record in this case does not bring it within the purview of that rule. In the first place, all of the evidence taken before the trial court is not before this court, and, in the second place, the evidence taken before the trial court consisted of certain affidavits which were very brief and did not even purport to state all of the facts.

The writ is denied.

Nourse, J., and Langdon, P. J., concurred.