[Civ. No. 7961.  Second Appellate District, Division Two.—September 6, 1933.]

J. A. TEEL, Appellant, v. JUSTICE'S COURT OF SIGNAL HILL TOWNSHIP, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA et al., Respondents.

Sparling & Teel for Appellant.

Everett W. Mattoon, County Counsel, and Robert A. Cushman, Deputy County Counsel, for Respondents.

ARCHBALD, J., *pro tem.* — Appeal from a judgment denying appellant's petition for a peremptory writ of *mandamus* to compel respondent Justice's Court and the justice of the peace thereof to issue a writ of execution to enforce a judgment of said court more than five years after the entry thereof.

Appellant contends that section 685 of the Code of Civil Procedure, permitting a judgment to be enforced after the lapse of five years, applies to all judgments, including those of a justice's court.

The case of *White* v. *Clark*, 8 Cal. 512, decided in 1857, arose under the Practice Act, section 214 of which, so far as material here, provided that "after a lapse of five years from the entry of judgment, an execution shall be issued only by leave of court, on motion". In that case an execution was issued in a justice's court more than five years after its entry. The Supreme Court held that section 214 referred "only to executions issued by the clerk of a court of record having a seal, and not to executions issued by justices of the peace", and, the execution therein having been issued without authority, that "the sheriff was not justified in enforcing it". Then, as now with our Code of Civil Procedure, a separate chapter of the Practice Act dealt with the subject of judgments and executions in the justices' courts. In 1866 such section was amended to read: "In all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, . . . " (Stats. 1865–66, p. 704.) The amendment limited the application of the section to judgments other than those for the recovery of money.

In 1872 such section became section 685 of our Code of Civil Procedure, and was amended in 1895, so far as material here, by striking out the words "other than for the recovery of money", making it applicable to all judgments, as before the first amendment.

Appellant urges that by the use of the words "in all cases", in the amendment after the case of *White* v. *Clark, supra,* the legislature intended to broaden the section to apply to cases arising in justices' courts. The history of the section, however, shows that the amendment by which such words were introduced into its provisions actually narrowed its application, and did not change in any way, in our opinion, the situation which led the Supreme Court to rule that it did not apply to justices' courts. The section still appeared in connection with the subject matter of executions in superior courts, and when the exceptions applying to money judgments were stricken by amendment it left the section applying to all judgments, as it had originally, and it still came within the rule of *White* v. *Clark, supra.* While we are of the opinion that there is nothing in section 925 of the Code of Civil Procedure which would prevent the application of section 685 to judgments of the justices' courts, even though no special provision makes it applicable, still we believe we are bound by the decision of the case above cited.

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., concurred.