[Civ. No. 4976. Third Appellate District.—November 16, 1933.]

KARL PLOCHER et al., Petitioners, v. THE SUPERIOR COURT OF YOLO COUNTY et al., Respondents.

338

Butler, Van Dyke & Harris for Petitioners.

C. C. McDonald for Respondents.

PULLEN, P. J.—This is an application for a writ of prohibition. The original action was brought in the superior court by petitioner Karl Plocher as plaintiff against Dalel Singh for damages to his automobile and loss of use thereof, arising from a collision between an automobile owned and operated by Dalel Singh and a car owned by Karl Plocher. To this complaint Dalel Singh filed an answer and cross-complaint. Karl Plocher, answering the cross-complaint, denied negligence, and upon the issues thus presented the cause proceeded to trial. During the process of the trial it developed that at the time of the accident the car, although the property of Karl Plocher, was then being operated by John Plocher in the absence of Karl Plocher, upon his own business but with the consent of Karl Plocher. Thereupon Dalel Singh, the cross-complainant, asked leave to make John Plocher a party cross-defendant. Permission was granted and to this amended cross-complaint defendants demurred, John Plocher demurring especially, setting up the statute of limitations.

In the complaint it was not alleged that plaintiff was operating the automobile at the time of the collision, although in the answer to the original cross-complaint there was an allegation that the automobile was then and there being operated by plaintiff. More than a year had elapsed after the accident before it appeared during the trial that John Plocher was driving the car at the time of the accident.

At the conclusion of the trial it was ordered that Karl Plocher take nothing upon the issues raised by the complaint and answer thereto, and that Singh recover costs. It was further ordered that the demurrer to the supplemental cross-complaint be sustained and the demurrer of John Plocher to the supplemental cross-complaint be sustained without leave to amend, he to recover costs, and judgment was entered accordingly. Within the time prescribed by law, Singh moved for a new trial and also to vacate the judgment and to enter another and different judgment. After consideration respondent entered an order granting a new trial; denied the motion to vacate but set aside the order sustaining the demurrer of John Plocher to the amended and supplemental cross-complaint and entered an order overruling the same. From this judgment petitioners, plaintiffs herein, attempted to perfect an appeal, but inasmuch as section 963 of the Code of Civil Procedure, authorizes an appeal only from an order granting a new trial in an action or proceeding tried by a jury wherein such trial by jury is a matter of right, the proposed appeal would not lie. Petitioners therefore sought by this writ of prohibition to prevent respondents from further proceeding in the matter.

Petitioners contend the court was without authority to grant a new trial in favor of Dalel Singh as to the issues raised by the complaint and answer, for the judgment therein being in favor of Dalel Singh, he was not aggrieved and therefore could not move for a new trial; and secondly, as to the judgment sustaining the demurrer of John Plocher to the amended and supplemental cross-complaint there being no trial upon an issue of fact, a new trial would not lie.

We are here concerned, however, with the various orders and judgments so far only as they may affect defendant's application for a writ of prohibition and we need not con-

cern ourselves with the obstacles set up by petitioners to a consideration of the order granting a new trial, however logical they may appear.

Essentially prohibition is a preventive, not a remedial nor corrective, writ and cannot be used to take the place of an appeal or other mode of review even though objections thereto are based upon jurisdictional grounds. (21 Cal. Jur. 580; *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 [220 Pac. 306].)

Where there is a plain, speedy and adequate remedy at law prohibition will not lie. (*Carr* v. *Superior Court,* 147 Cal. 227 [81 Pac. 515].) Here the acts of which complaint is made have already been performed, and the writ will not issue "to prevent judicial acts already done". (*Hull* v. *Superior Court,* 63 Cal. 179; *More* v. *Superior Court,* 64 Cal. 345 [28 Pac. 117]; *Traffic Truck Sales Co.* v. *Justice's Court, supra.*) The very purpose of prohibition is to stay proceedings until the matter in dispute may be passed upon by a court of review. In *Clark* v. *Superior Court,* 55 Cal. 199, it is said: "If after acquiring jurisdiction of the parties and subject-matter of an action a superior court should order judgment in favor of one of the parties without a trial that judgment would neither be without nor in excess of the jurisdiction of such tribunal, although it may be erroneous." So here the court has jurisdiction of the parties and the subject matter, and errors, if any, may be corrected by an appeal from the final judgment, such appeal acting as a *supersedeas,* and all proceedings will be stayed until the questions here raised are determined. (Sec. 946, Code Civ. Proc.)

Petitioners having a plain, speedy and adequate remedy by appeal, the writ is denied.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 16, 1933.