[Civ. No. 750.   Fourth Appellate District.—January 15, 1934.]

VICTOR A. DUNN, Appellant, v. JUSTICE'S COURT OF THE SIXTH TOWNSHIP OF KERN COUNTY et al., Respondents.

Victor A. Dunn, *in pro. per.*, and W. L. Claiborne for Appellant.

Siemon & Claflin for Respondents.

BARNARD, P. J.—The appellant, who is an attorney, was named as a defendant in an action filed in the Justice's Court of the Sixth Township in the County of Kern, which action was based upon certain services claimed to have been rendered to the appellant by two attorneys in Bakersfield. The complaint in that action alleged that the contract, upon which it was based, was entered into in the township named, but did not allege that the contract was in writing. The appellant was served with summons in the county of Ala-

meda on March 20, 1931. On May 21, 1931, he moved for an order quashing the purported service of summons and vacating the judgment which had been entered, which motion was denied. On June 15, 1931, he filed in the Superior Court of Alameda County a petition for a writ of prohibition asking that the respondent court and justice of the peace be prohibited from taking any other proceedings in connection with or based upon the judgment, by execution or otherwise. An alternative writ of prohibition was issued and on the return day the respondents filed a demurrer to the petition and moved for a change of venue to the Superior Court of Kern County, which motion was granted. The demurrer to the petition came on for hearing on August 17, 1931, and the demurrer was sustained without leave to amend. Judgment of dismissal was entered, from which judgment this appeal is taken. The notice of appeal also purports to appeal from the order of the Superior Court of Alameda County granting the motion for a change of venue to the County of Kern.

The first question to be considered is whether a writ of prohibition will lie under these circumstances. It is well settled that this writ cannot be resorted to when there is a plain, speedy and adequate remedy at law and that it will not issue to restrain an act which does not involve the exercise of judicial functions. (*Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336].) Formerly there was some conflict in the decisions with respect to the right to raise the question of jurisdiction by a writ of prohibition in view of a subsequent right of appeal. In *Jardine* v. *Superior Court,* 213 Cal. 301 [2 Pac. (2d) 756, 79 A. L. R. 291], certain earlier cases were overruled in so far as they purported to hold that an objection to jurisdiction over the person of the defendant could not be raised by applying for a writ of prohibition. In that case a judgment had not yet been entered in the prior action and, as we understand the case, the holding was that a defendant is not compelled to make an election between his defense on the merits and his defense as to lack of jurisdiction and that he may, if he desires, attack the jurisdiction of the court before judgment is rendered instead of waiting until after judgment and then raising the question of jurisdiction on appeal. This, however, is quite different from a holding that a writ of prohi-

bition may be resorted to after judgment in lieu of an appeal, of a writ of review or of any other remedy that may be available. The writ of prohibition is designed to be used as a method of securing preventive relief and not by way of reviewing proceedings already completed. It has always been used to prevent the performance of judicial acts only. After judgment has been entered the issuance of execution has always been held to be merely a ministerial act. In *Valentine* v. *Police Court, supra,* it was held that prohibition would not lie after a judgment has become final.

Good reason appears for permitting the use of a writ of prohibition before judgment because judicial functions then remain to be performed, because a defendant should not be compelled to make an election between his defense on the merits and his defense on the matter of jurisdiction, and because a long and expensive trial may frequently be avoided by first settling the matter of jurisdiction. The same reasons do not apply after judgment is entered. Ordinarily no judicial functions then remain to be performed in that court. No long trial there is then to be avoided and a defendant then has ample opportunity to raise the question of jurisdiction by appeal from the judgment, by *certiorari*, or by applying for injunctive relief. Under the circumstances here appearing we think the petition was insufficient to justify the issuance of the writ asked for.

It further appears from the petition that on March 28, 1931, the appellant wrote a letter to the justice of the peace headed by the name of the court and the title of the case then pending in the justice court. This letter raises the point of lack of jurisdiction because the complaint fails to allege that the contract relied upon was in writing and because the complaint was served in another county. Later on the appellant again refers to the fact that he is therein raising the point of lack of jurisdiction. In between he states: "I have never contracted to pay said attorneys any money at any time for any thing." A considerable part of the letter is devoted to the contention that he did not owe the money claimed in the complaint. It is well settled that "if a defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection". (*Olcese* v.

272

*Justice's Court,* 156 Cal. 82 [103 Pac. 317] ; *Gulick* v. *Justice's Court,* 101 Cal. App. 619 [281 Pac. 1031].) The proceedings in a justice's court were at that time informal and even an oral denial could be entered. The appellant appeared by letter raising the issue of jurisdiction, plainly stating that he was raising that issue, and at the same time plainly and flatly denying that he owed anything. While he may have intended this as a special appearance, or as no appearance at all, it comes dangerously near being a general appearance.

The appellant attempted to appeal from the order of the Superior Court of Alameda County granting a change of venue to Kern County. So far as the record shows, no notice of appeal was filed in the court which entered that order (Code Civ. Proc., sec. 940).

The appeal from the order of the Superior Court of Alameda County is dismissed and the judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.