[Civ. No. 10353. Second Appellate District, Division One.—September 24, 1935.]

TITLE GUARANTEE & TRUST COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

W. W. Kaye and Alfred E. Cate for Petitioner.

Everett W. Mattoon, County Counsel, D. DeCoster, Deputy County Counsel, and S. W. Newman for Respondents.

HOUSER, J.—In this matter, it appears that an alternative writ of prohibition was issued by order heretofore made by this court, and that, as far as are material to a conclusion as to whether such writ should be made permanent, the necessary facts as disclosed by the files are that in due course, in an action pending in the superior court, in which the petitioner herein was a party defendant, an interlocutory judgment only was rendered; that thereafter, pursuant to motion made and presented by another of the parties defendant in the action, a new trial was granted; that following a second trial (all over the objection of petitioner herein to the effect that, the premises considered, the court was then lacking in jurisdiction), a final judgment was rendered, by virtue of which no act of a judicial nature remains to be performed; and that by its petition herein petitioner seeks an order from this court by which the respondent court will be restrained and prohibited "from taking any further steps or proceedings in connection with, or based upon, the said judgment", etc.

Although it may be, as contended by petitioner, that an order made by the superior court by which a new trial was granted as to an interlocutory decree only, theretofore rendered by such court, was in excess of its authority (*Gunder v. Gunder*, 208 Cal. 559 [282 Pac. 794]; *Middleton v. Finney*, 214 Cal. 523 [6 Pac. (2d) 938]), and consequently that, as a matter of law, the final judgment which was rendered in pursuance to the second trial of the action should be adjudged to be of no validity (as to neither of which questions this court expresses an opinion);—nevertheless, where final judgment has been rendered in an action and no judicial act remains to be performed under a direction or order therein specified or reserved, but only acts of a ministerial nature are possible of performance in the proper execution of such judgment, it is well-settled law that, there being an adequate remedy by appeal from such judgment, prohibition will not

lie to prevent the performance of such or any contemplated or threatened ministerial acts. (*Clark* v. *Superior Court,* 55 Cal. 199; *Plocher* v. *Superior Court,* 135 Cal. App. 337 [26 Pac. (2d) 841]; *Dunn* v. *Justice's Court,* 136 Cal. App. 269 [28 Pac. (2d) 690]; *Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336], and authorities therein respectively cited.)

It is ordered that the writ heretofore issued herein be and it is discharged.

Conrey, P. J., and York, J., concurred.