[Civ. No. 10537. First Appellate District, Division One.—August 11, 1938.]

DONNER FINANCE COMPANY (a Copartnership) et al., Respondents, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

J. A. Seaman and Morris M. Grupp for Appellants.

Leon Samuels, Dreher & McClellan and Edgar C. Levey for Respondents.

GRAY, J., *pro tem.*—The Municipal Court of the City and County of San Francisco, Honorable A. J. Fritz, a judge thereof, and R. W. Dennis, its clerk, appeal from a judgment ordering the issuance of a writ of prohibition which was granted after their demurrer to respondents' petition had been overruled. The demurrer admitted the facts pleaded in the petition but questioned their legal sufficiency to entitle respondents to the writ. Our decision, therefore, depends upon the correctness of the ruling on the demurrer.

The petition avers these facts. Respondents had filed in the Municipal Court a complaint alleging that Geneva Manufacturing Co., Ltd., a corporation, had executed and delivered to them its promissory note; that J. A. Seaman, as security for the note, had executed and delivered to them a chattel mortgage, and that the principal of the note, together with interest and attorney's fees, was due, owing and unpaid. The complaint prayed for the amount due on the note and for a foreclosure of the mortgage. Both these defendants had answered. The answer of J. A. Seaman, which alone is of present concern, admitted the execution and delivery of the note, and his execution and delivery, as guarantor of the note, of the chattel mortgage, but denied nonpayment of the note. It also affirmatively pleaded payment of the note, the substitution, by novation, of the note of a third party for the original note and his exoneration, as guarantor, by material changes in the terms of the note. It prayed for the cancellation of the chattel mortgage and for costs. This action had been duly set for trial, but two days before the day designated petitioners' attorneys had filed with the clerk of the Municipal Court a written dismissal which he had entered in his register. Notwithstanding such dismissal and in petitioners' absence, the judge of the Municipal Court had tried the action upon evidence produced by the defendants and had rendered his decision in their favor for costs and the cancellation of the chattel mortgage. Thereupon, judgment had been entered in accordance with the decision. Thereafter those defendants have threatened to cause execution to issue, and appellants have threatened to issue the same.

Respondents argue that under subdivision 1 of section 581 of the Code of Civil Procedure, they had the absolute right

to dismiss and so terminate the action, and that thereafter the Municipal Court was without jurisdiction to render any judgment. Appellants reply that Seaman's answer sought affirmative relief and that therefore the exception stated in the above section prevented respondents from dismissing the action. However, it will be unnecessary to consider these arguments, as to whether the judgment was in excess of the court's jurisdiction, for appellants' further, more fundamental objection to the issuance of the writ, based upon its inherent nature, disposes of the appeal.

 The petition states that the judgment had been previously entered. This judgment, the writ purports to annul. The petition alleges that appellants threaten to enforce this judgment by the issuance of execution. The writ restrains appellants from enforcing the judgment in any manner and particularly by issuing execution thereon. The writ of prohibition "*arrests* the proceedings of any tribunal . . . exercising *judicial* functions, when such proceedings are without or in excess of the jurisdiction of such tribunal . . . " (Code Civ. Proc., sec. 1102.) (Italics ours.) Since prohibition is a preventive rather than a corrective remedy, the writ issues only to restrain the commission of a future act and not to undo an act already done. Therefore it cannot be used to annul a judgment already rendered. (*Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 [220 Pac. 306]; *Clark* v. *Superior Court,* 55 Cal. 199; *Davis* v. *Superior Court,* 71 Cal. App. 646 [236 Pac. 151]; *Plocher* v. *Superior Court,* 135 Cal. App. 337 [26 Pac. (2d) 841].) The writ will not lie to prevent the enforcement of an erroneous judgment (*Van Hoosear* v. *Railroad Com.,* 189 Cal. 228 [207 Pac. 903]), but the party aggrieved is relegated to his right to appeal from such judgment. (*Greenburg* v. *Superior Court,* 71 Cal. App. 332 [235 Pac. 92].) Nor does the writ reach acts simply ministerial in their nature and in no sense judicial. (*Traffic Truck Sales Co.* v. *Justice's Court, supra.*) The issuance of a writ of execution is a ministerial act which cannot be arrested by a writ of prohibition. (*Harris* v. *Recorder's Court,* 15 Cal. App. 103 [113 Pac. 687]; *Dunn* v. *Justice's Court,* 136 Cal. App. 269 [28 Pac. (2d) 690]; *Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336]; *Title G. & T. Co.* v. *Superior Court,* 9 Cal. App. (2d) 257 [49 Pac.

(2d) 318].) It is apparent, accordingly, that the demurrer should have been sustained.

■ In further support of the judgment, respondents argue that their petition, if insufficient to warrant issuance of a writ of prohibition, may be considered as an application for a writ of review. An appellate court may treat an original application for a writ of prohibition, insufficient for that purpose, as an application for a writ of review, where the entire record of the inferior tribunal, including the evidence upon which it acted, is presented. (*Van Hoosear* v. *Railroad Com., supra; Traffic Truck Sales Co.* v. *Justice's Court, supra.*) This rule arises from the general principle, governing trial courts, that ''the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue''. (Code Civ. Proc., sec. 580.) The present proceeding does not fall within the terms of the rule, because the record does not contain the evidence adduced before the Municipal Court. (*Davis* v. *Superior Court, supra.*) Nor is the rule applicable, for we are not trying an original proceeding, but are reviewing the judgment of the superior court. Respondents cannot now be permitted to change the theory upon which the sufficiency of their petition was litigated and decided in the trial court. (2 Cal. Jur. 239.)

The judgment is reversed, with instructions to sustain the demurrer.

Knight, Acting P. J., and Cashin, J., concurred.