[Civ. No. 2089. Fourth Appellate District.—September 21, 1938.]

MATTHEW H. AMES, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Hunter M. Muir for Petitioner.

Stearns, Luce, Forward & Swing, Jack L. Oatman and F. T. Scripps, Jr., for Respondents.

THE COURT.—This is a petition for a writ of prohibition prohibiting the Superior Court of San Diego County from proceeding further in a contempt proceeding and from imprisoning petitioner for contempt of court. Respondents have demurred to the petition.

On May 3, 1934, petitioner and Harriet C. Ames were husband and wife. On that day they entered into a property settlement agreement which provided, among other things, for payment by petitioner to his wife of a monthly

sum for the support of Mrs. Ames and the three minor children of the parties.

· On July 7, 1934, in an action for divorce, an interlocutory decree of divorce was granted plaintiff by the District Court of the City and County of Denver, Colorado. The property settlement was made a part of the interlocutory decree by reference and was approved by it. A final decree of divorce was rendered on January 8, 1935, which approved and continued the terms of the interlocutory decree as to the support to be paid.

On May 13, 1938, Mrs. Ames instituted an action against petitioner in the Superior Court of San Diego County. Besides the foregoing, and other facts, it was alleged that Mrs. Ames was impecunious; that two of the children had reached their majority; that there was $2,612.50 unpaid on the Colorado judgment. A judgment was entered in plaintiff's favor on May 28, 1938.

On May 13, 1938, an order to show cause was signed requiring petitioner to show cause why he should not pay plaintiff $175 per month for the support of herself and one minor child, $250 attorney's fee and costs. On May 18, 1938, an order was made directing petitioner to pay forthwith to F. T. Scripps, Jr., as trustee, $100 attorney's fees, $11 court costs, and $175 support money. On May 31, 1938, an order was made adjudging petitioner guilty of contempt of court for failing to make the payments just mentioned. Petitioner was given until June 2, 1938, to purge himself of contempt. By an order dated June 3, 1938, petitioner was committed to the county jail of San Diego County, there to remain until he had purged himself of the contempt. On this order was endorsed ''Execution stayed until June 6, 10 a. m.'' Further proceedings were thereafter stayed by this court's issuing its alternative writ of prohibition.

Counsel argue numerous questions of law, none of which need be decided here, in view of the conclusion which we have reached that prohibition is not the proper remedy to be invoked in this case.

 It is well settled that a writ of prohibition will not lie to prohibit an act of the superior court already performed even though that act be in excess of the jurisdiction of the court issuing it. (*Havemeyer* v. *Superior Court,* 84 Cal. 327,

394 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627];
*Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336];
*County of Sutter* v. *Superior Court,* 188 Cal. 292 [204 Pac.
849]; *Davis* v. *Superior Court,* 71 Cal. App. 646 [236 Pac.
151]; *Lindsey* v. *Superior Court,* 100 Cal. App. 37 [279 Pac.
837]; *Plocher* v. *Superior Court,* 135 Cal. App. 337 [26
Pac. (2d) 841]; *Dunn* v. *Justice's Court,* 136 Cal. App. 269
[28 Pac. (2d) 690].)

The record before us shows that petitioner had been adjudged guilty of contempt and had been ordered confined in the county jail of San Diego County. There remained no further judicial act to be performed by the respondent court. The last order possesses all of the attributes of finality. Because execution of the order was stayed for three days did not change the situation. It had been signed by the judge and filed by the clerk. It needed only delivery by the clerk to the sheriff and execution by that officer after 10 o'clock A. M. on June 6, 1938. Those were only ministerial acts by nonjudicial officers. A writ of prohibition can only prohibit "any tribunal, corporation, board, or person exercising judicial functions" from acting without or in excess of its jurisdiction. (Sec. 1102, Code Civ. Proc.)

The demurrer is sustained, the alternative writ is discharged and this proceeding is dismissed.