[Civ. No. 19238. First Dist., Div. One. Dec. 28, 1960.]

KATHERINE OLIVER SCHOENFELDT, Appellant, v. MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Leon H. Sorell for Appellant.

Stanley Mosk, Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

BRAY, P. J.—Respondent moves to dismiss the appeal or in the alternative to augment the record.

On June 29, 1959, respondent court found appellant guilty of a misdemeanor (violation of Veh. Code, § 502), and pronounced judgment. No appeal was taken therefrom. July 17, appellant filed in the San Francisco Superior Court a petition

for writ of prohibition to prohibit said municipal court from taking any further steps to enforce the judgment on the ground that section 502, Vehicle Code, is unconstitutional. The superior court denied the petition and appellant appealed. Thereafter respondent municipal court moved this court for dismissal of the appeal or in the alternative to augment the record to include certain portions of the clerk's transcript of the proceedings in the municipal court.

The grounds of the motion to dismiss are that petitioner had a plain, speedy and adequate remedy by appeal, and that since judgment has been pronounced and no appeal taken therefrom, there remains no further judicial function to be performed by the municipal court, and the issuance of a writ of prohibition now (should we hold that the superior court must issue such writ) would serve no useful purpose.

It is obvious that appellant has pursued the wrong remedy and hence the motion to dismiss the appeal must be granted.

█ Prohibition will only lie where the party has "not a plain, speedy, and adequate remedy in the ordinary course of law." (Code Civ. Proc., § 1103.) All of the matters which appellant has attempted to raise on her application for writ of prohibition could and should have been raised upon an appeal from the judgment of the municipal court.

*Duke* v. *Justice's Court* (1940), 42 Cal.App.2d 178 [108 P.2d 707], is directly in point, except that it dealt with a civil rather than a criminal proceeding. A money judgment was entered against the appellant in the justice's court from which no appeal was taken. Thereafter the appellant sought in the superior court a writ of prohibition to restrain the justice's court from taking any further proceedings to enforce the judgment. The appellant appealed from the judgment denying the writ. The reviewing court held that as the appellant had failed to accept the plain, speedy and adequate remedy afforded him by his right of appeal, prohibition would not lie. █ The court pointed out that a writ of prohibition "cannot be used to serve the purpose of a writ of *certiorari* for the review and nullification of a judicial act already performed." (P. 179.)

*Valentine* v. *Police Court* (1904), 141 Cal. 615 [75 P. 336], applied the same principle to an application for a writ of prohibition after determination of an appeal from a criminal conviction adverse to the appellant. To the same effect is *Dunn* v. *Justice's Court* (1934), 136 Cal.App. 269 [28 P.2d 690].

 "Essentially prohibition is a preventive, not a remedial nor corrective, writ and cannot be used to take the place of an appeal or other mode of review *even though objections thereto are based upon jurisdictional grounds.*" (*Plocher* v. *Superior Court* (1933), 135 Cal.App. 337, 340 [26 P.2d 841]; emphasis added.)

*Leach* v. *Superior Court* (1932), 215 Cal. 531 [12 P.2d 1], applied the same principle in an appeal from the denial of a petition for a writ of prohibition after conviction and an adverse appeal therefrom. After reviewing a number of authorities in this state holding that certiorari issues only in cases where there is no remedy by appeal, the court emphasizes that it is well settled that prohibition cannot be resorted to where, as here, there was a plain, speedy and adequate remedy by appeal. The statement in *Postal etc. Co.* v. *Superior Court,* 22 Cal.App. 770, 774 [136 P. 538], concerning certiorari, applies equally well to prohibition: "It is not, of course, the consideration whether the petitioner takes advantage of the right of appeal, but whether the right of appeal exists in his favor that is decisive of the question. For instance, he cannot allow the time for appeal to lapse and then successfully urge this circumstance as a legal justification for the writ of *certiorari.*" (P. 774.)

In view of our ruling it is unnecessary to consider the alternative portion of respondent's motion.

As prohibition cannot lie under the circumstances of this case, it would be fruitless to proceed further with the appeal.

The appeal is dismissed.

Tobriner, J., and Duniway, J., concurred.